Angela DiGiglio (AD 2290)
K & L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
E-mail: angela.digiglio@klgates.com
Attorneys for Defendant Crane Co.

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD A. GEORGE, | : Civil Action No.: |
| | : |
| Plaintiff, | : Index No.: 115544-04 |
| | : (Supreme Court of New York County) |
| v. | : |
| | : |
| A.W. CHESTERTON COMPANY, et al., | : |
| | : **DEFENDANT CRANE CO.'S NOTICE** |
| Defendants. | : **OF REMOVAL PURSUANT TO 28 U.S.C.** |
| | : **§§ 1442 AND 1446.** |

TO:    UNITED STATES DISTRICT COURT FOR THE
          SOUTHERN DISTRICT OF NEW YORK

### CRANE CO.'S NOTICE OF REMOVAL

Defendant Crane Co. hereby removes these actions from the Supreme Court of New York

County, New York to the United States District Court for the Southern District of New York

based on federal-officer jurisdiction under 28 U.S.C. §§ 1442(a)(1) and 1446.  In support of this

removal, Crane Co. provides the following short and plain statement:

1.      On or about November 3, 2004, plaintiff initiated a multi-party civil action

entitled Richard A. George v. A.W. Chesterton Company, et al., Index No. 115544-04 in the

Supreme Court of New York County, New York.  A copy of the complaint is attached as Exhibit

1.

2.      Plaintiff's complaint made no allegations that Mr. George was exposed to

asbestos while serving in the Navy.  Id.

3.      On May 21, 2014, plaintiff served their Response to Defendants' Fourth Amended Wrongful Death Interrogatories and Request for Production of Documents ("Plaintiff's Discovery Responses"). Plaintiff's Discovery Responses allege that Mr. George was exposed to asbestos products while he served as a Machinist Mate in the Navy from 1942 to 1946, including while he was stationed at the Brooklyn Naval Shipyard and aboard the USS Richland. Id. at response nos. 25 and 27, and "Chart A" appended to the Discovery Responses. A copy of Plaintiff's Discovery Responses is attached as Exhibit 2.

4.      Crane Co.'s Notice of Removal is timely under 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Crane Co. is filing this notice within 30 days of receiving Plaintiff's Discovery Responses.

5.      The allegations that Mr. George was exposed to products while in the Navy gives rise to Crane Co.'s federal defense—often referred to as the government-contractor defense. In short, any product that plaintiff alleges Crane Co. manufactured or supplied to the Navy, and any product literature, labeling, or warnings that accompanied any such product, would be subject to Navy specifications and requirements. As such, federal officers exercised their discretion regarding whether (i) asbestos was used in the product and (ii) whether a warning would accompany the product (and if so, what it would say). Without approval from a federal officer, Crane Co.'s products could not have been used by the Navy (whether on board a ship, in a shipyard, or otherwise).

6.      The United States Court of Appeals for the Ninth Circuit recently held that Crane Co. establishes a colorable federal defense and meets all of the requirements of federal-officer removal on the basis of allegations and evidence identical to those submitted here. Leite v. Crane Co., --- F.3d ---, 2014 WL 1646924 (9th Cir. April 25, 2014).

7.    Removal is proper under 28 U.S.C. § 1442(a)(1), where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiff's claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based upon federal law. See Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

8.    Crane Co., as a corporation, qualifies as a "person" for purposes of the statute. See Winters v. Diamond Shamrock Co., 149 F.3d 387, 398 (5th Cir. 1998).

9.    With respect to the second element for federal-officer removal, Crane Co. was acting under the direction of the Navy in the design, manufacture, and sale of its products for and to the Navy.  Crane Co. products were designed and manufactured in accordance with precise contracts and specifications approved by the Navy.  See Affidavit of Anthony D. Pantaleoni ("Pantaleoni Aff."), at ¶¶ 5-6, attached hereto as Exhibit 3; Affidavit of David P. Sargent ("Sargent Aff."), at ¶¶ 22-32, attached hereto as Exhibit 4.[1]  Since the 1950s, the Navy issued Military Specifications (MILSPECs) for various products, including the types of products allegedly manufactured or supplied by Crane Co., and certain MILSPECs required the use of asbestos or asbestos components.  See Sargent Aff., at ¶¶ 26-27, and 32.  Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors.  Sargent Aff., at ¶ 29.  And unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships.  Sargent Aff., at ¶ 29.  Thus, given the Navy's direct and detailed control over the design and manufacture of Crane Co. products, Crane Co. has met this element.

---

[1] Crane Co. provides these affidavits as examples of the evidence it may present on these issues.  Crane Co. may choose to present additional information regarding these issues once the case proceeds.

10.     In light of the specific direction and strict control of the Navy over the design and manufacture of Crane Co. products detailed above, there exists a strong causal nexus between Plaintiff's claims and Crane Co.'s actions, thereby meeting the third element.  Plaintiff's claims against Crane Co. depend solely on the actions taken by Crane Co. in accordance and compliance with directions from the Navy.

11.     With respect to the fourth element, Crane Co.'s government contractor defense is a colorable federal defense to Plaintiff's claims.  As set forth in the product liability/design defect context by the Supreme Court of the United States in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988), the government contractor defense applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.  Crane Co. has a colorable federal defense, because, as detailed above, the Navy provided Crane Co. with precise specifications regarding its products and Crane Co. delivered products that conformed to those specifications. Sargent Aff. at ¶¶ 23-32; Pantaleoni Aff. at ¶¶ 5-6.  The Navy, as one of the leaders in industrial hygiene state of the art, possessed knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co.  See Affidavit of Samuel A. Forman ("Forman Aff."), at ¶¶ 21-23, attached hereto as Exhibit 5.  The Navy's specifications governed not only the design and construction of Crane Co.'s products, but also the form and content of any labeling, product literature, or warnings supplied with the products. Sargent Aff. at ¶¶ 23-32. The Navy reviewed the proposed product literature and labeling that accompanied equipment and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. See Sargent Aff., at ¶ 59 & Exhibit

K, Doc. 2-8. Thus, Crane Co. has a colorable claim that it is entitled to immunity from state tort law in this action under the federal government contractor defense.

12.     As required by § 1446(a), true and correct copies of all process, pleadings, and orders served upon Crane Co. are being filed herewith.

13.     Under 28 U.S.C. § 1446(d), Defendant Crane Co. is filing written notice of this Notice of Removal with the Supreme Court of the State of New York in the County of New York concurrently with the filing of this Notice of Removal, and will serve the same on counsel of record.  A copy of the Notice of Filing Notice of Removal, in the form in which it will be filed and served, is attached hereto as Exhibit 6.

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this matter on removal from the Supreme Court of the State of New York in the County of New York.

Dated: New York, New York
        June 23, 2014

Respectfully submitted,

CRANE CO.
By its attorneys,

Angela DiGiglio
K&L GATES LLP
599 Lexington Avenue
New York, New York 10022-6030
Email: angela.digiglio@klgates.com
Phone: (212) 536-3900
Fax: (212) 536-3901