# Exhibit 2

# W E I T Z
## &
# L U X E N B E R G

A   P R O F E S S I O N A L   C O R P O R A T I O N
• L A W   O F F I C E S •

700 BROADWAY • NEW YORK, N.Y. 10003
TEL. 212-558-5500              FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG

ROBERT J. GORDON ††

PHAN T. ALVARADO
BENNO ABRAHAM ◊
DAVID A. BARRY
JAMES J. BILSBORROW
ANDRE J. BRANDIS
EDWARD BRANIFF ††
JOHN M. BROADDUS •
VENUS BURNS ◊
PATTI BURSHTYN ††
LISA NATHANSON BUSCH
DAVID A. CHANDLER
THOMAS COMERFORD ††§
ADAM R. COOPER
TERESA A. CURTIN ▲▲
BENJAMIN DARCHE
TIA T. DINH ••
ADAM S. DREKSLER
F. ALEXANDER EIDEN •
MICHAEL FANELLI ††

LEONARD F. FIELDMAN ¶
CHARLES M. FERGUSON
SARAH J. FETHERSTON
API FRIEDMAN ◊
MARY GRASSER GAFFNEY ¶
ALANI GOLANSKI †
LAWRENCE GOLDHIRSCH •*
ROBIN L. GREENWALD *◊
CARLOS J. GUZMAN ◊
T. SCOTT HAMES ◊
ERIKA HEYDER
DANIEL HORNER
MARIE L. IANNIELLO †*
ERIK JACOBS
TAE-YOON KIM ◊
GARY R. KLEIN ††
DANNY R. KRAFT, JR.
JERRY KRISTAL ~§
DEBBI LANDAU
MATTHEW MACINTYRE

CURT D. MARSHALL ‡
SAMUEL M. MEIROWITZ
JAMES A. MORRIS, JR. ● ✦
KEVIN MULDERIG †
DANA M. NORTHCRAFT ††
TODD DIMEEN
FRANK M. ORTIZ ††
JOSIAH W. PAPKER ◊
MICHAEL E. PEDERSON
PAUL J. PENNOCK
STUART S. PERRY ✦
LEE W. PREVANT ◊✦
CAITLIN PRZEINCZNY ◊
SHARIEEF RABIA◊
ADAM G. RAFFO
SUZANNE M. RATCLIFFE ††
ELLEN RELKIN *▲ ◊✦
JOHN E. RICHMOND ††
MICHAEL P. ROBERTS
CHRIS ROMANELLI ††
DAVID ROSENBAND
PETER SAMBERTZ ††

LEONARD SANDOVAL ◊
CINDY YOUNG SAXEY ◊
JONATHAN M. SEDGH
SHELDON SILVER ✦
ROBERT M. SILVERMAN ¶
DONALD BOUTAR §
TYLER R. STOCK ◊
PETER TAMBINI †‡
JAMES B. THOMPSON ††
WILLIAM A. WALSH ††
DANIEL WASSERBERG ★
JUSTIN J. WEITZ
NEIDRA S. WILSON ••
NICHOLAS WISE ▄▄
TIFFANY C. WOODS ◊
DENA YOUNG ✦
BRENT ZADOROZNY ◊
ALLAN ZELIKOVIC
GLENN ZUCKERMAN

◆ Of Counsel
†  Also admitted in CT
▲  Also admitted in FL
◊  Also admitted in MA
††  Also admitted in NJ
¶  Also admitted in DC
◊  Also admitted in CO
★  Also admitted in PA
‡  Also admitted in NJ and CT
*  Also admitted in NJ and PA
▲  Also admitted in NJ and DC
▲▲ Also admitted in NJ and ME
✦  Also admitted in DC, VA
■  Also admitted in CO
§  Also admitted in TX
◆◆ Admitted only in CH
◊◊ Admitted only in GA, NJ and PA
~§ Admitted only in GA and IL
§  Admitted only in NJ and PA
••  Admitted only in NJ
▄▄ Admitted only in DC, MD, PA and VA
▲▲ Admitted only in DC
◆◆ Admitted only in CO, PA and TX
~  Admitted only in FL
■  Certified Atty, NJ Supreme Court

May 22, 2014

**Via Federal Express and/or Electronic Mail**
To: All Counsel On Service Rider

RE:   FIFO MAR 2015: CATHY G. CRUSE, as Executrix for the Estate of
      RICHARD A. GEORGE
      Index No.: 115544-04

Dear Counsel:

Enclosed please find **Plaintiff's Response to Defendants' Fourth Amended Wrongful Death Interrogatories and Request for Production of Documents, Plaintiff's Product Identification Interrogatories and Document Requests**, and an **Interrogatory Verification**. Responses to the Product Identification Interrogatories are due within 20 days of service.

If you have any questions, please do not hesitate to contact me at (212) 558-5731.

Very truly yours,
**WEITZ & LUXENBERG, P.C.**

Stefanie Kalmancy
Litigation Paralegal

Enc.

*200 Lake Drive East, Suite 205 • Cherry Hill, NJ 08002 • (856) 755-1115*
*1880 Century Park East, Suite 700 • Los Angeles, CA 90067 • (310) 247-0921*


2179-123

SUPREME COURT STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
----------------------------------x
In Re:       NEW YORK CITY
             ASBESTOS LITIGATION
----------------------------------x          Index No.:
This Document Applies to:                    115544-04

Richard A. George
(Deceased)


----------------------------------x

### PLAINTIFF'S COUNSEL'S RESPONSE TO DEFENDANTS' FOURTH AMENDED WRONGFUL DEATH INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff, by and through her attorneys objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

Plaintiff has not completed investigating the facts relating to her case, has not completed his discovery, and has not completed preparing his case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control. Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings. Plaintiff does not waive and specifically preserves the following objections:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

1 of 27

1.   Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2.   The right to object on any grounds at any time to a demand for further responses or further documents, to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3.   The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through her attorneys responds as follows:

### WRONGFUL DEATH INTERROGATORIES
### FOR RICHARD A. GEORGE

Plaintiff's counsel reserve the right to supplement any portion of these interrogatories. In addition, plaintiff's counsel responds to defendants' standard interrogatories without conceding relevancy, materiality, or admissibility.

1Q.   State the following:
   (a)   your full name, and all other names by which you have been known;
   (b)   age, and date and place of birth;
   (c)   whether you were an adopted child;
   (d)   present marital status, date of current marriage, spouse's maiden name, dates of any prior marriages and the names of any prior spouses, if applicable;
   (e)   present home address;
   (f)   social security number;
   (g)   date of marriage to decedent, if applicable;
   (h)   current spouse's name;
   (i)   date of current marriage;
   (j)   are you the administrator/executor of decedent's estate? If not, please state the name and address of the administrator/executor of the estate; and
   (k)   the county where estate proceedings are pending.

1A.   (a)   Cathy G. Cruse;
      (b)   63 years old, ████ Tampa, FL;
      (c)   Birth child;
      (d)   Married, 1970, David Cruse;
      (e)   401 Wood Lake Drive, Aiken, SC 29803;
      (f)   ████-7476;
      (g)   N/A;
      (h)   David Cruse;
      (i)   1970;
      (j)   Executrix;
      (k)   County of New York.

2Q.   State the following for the decedent:
   (a)   full name, and all other names by which the decedent had been known;
   (b)   age, and date and place of birth;
   (c)   whether the decedent was an adopted child;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Redacted

|     |     |                                                                                                                                                                              |
| --- | --- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | (d) | marital status at the time of death, and if applicable, date of that marriage and spouse's maiden name, dates of any prior marriages and the names of any prior spouses;      |
|     | (e) | home address at time of death;                                                                                                                                               |
|     | (f) | social security number;                                                                                                                                                      |
|     | (g) | date and place of death; and                                                                                                                                                 |
|     | (h) | whether decedent had any non-asbestos related physical or mental defect or disability during the year preceding his death.  If so, please specify.                            |

**2A.**

| | | |
| --- | --- | --- |
| (a) | Richard Adolphus George; | |
| (b) | Deceased, ████████, Cambria City, PA; | |
| (c) | Birth; | |
| (d) | Widowed, 05/29/48, N. Darline Easley; | |
| (e) | 1719 Kelley Town Road, McDonough, GA; | |
| (f) | ████████6654; | |
| (g) | 11/13/04, Portsbridge Hospice, Rockdale County; | |
| (h) | None. | |

**3Q.** State the following with regard to the decedent's father and mother:

|     |     |                                                                                                                                                                                           |
| --- | --- | --------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| (a) | name; |  |
| (b) | current address (if deceased, state last known address); |  |
| (c) | the current condition of each one's health, including any specific medical problems.  If either of the decedent's parents is deceased, please state for each deceased parent: |  |
|     | i.   specific medical problems; |  |
|     | ii.  date and place of death; |  |
|     | iii. age and cause of death for each parent. |  |

**3A.**

| | | |
| --- | --- | --- |
| (a) | Father: Clarence C. George; | |
| (b) | Deceased, Findlay, OH; | |
| (c) | Deceased: | |
|     | i. None; | |
|     | ii. late 1970's, Findlay, OH; | |
|     | iii. Unknown, old age. | |

| | | |
| --- | --- | --- |
| (a) | Mother: Anna Crago; | |
| (b) | Deceased, Findlay, OH; | |
| (c) | Deceased: | |
|     | i. None; | |
|     | ii. late 1970's, Findlay, OH; | |
|     | iii. Unknown, old age. | |

**4Q.** State the following with regard to each of the decedent's children:

|     |     |                                                                                                                                                                      |
| --- | --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------ |
| (a) | full name; |  |
| (b) | age, date and place of birth; |  |
| (c) | sex; |  |
| (d) | current address; |  |
| (e) | social security number; |  |
| (f) | whether birth child or adopted child; and |  |
| (g) | current state of each one's health. If any of the decedent's children are deceased, state for each deceased child: |  |
|     | i.   specific medical problems; |  |
|     | ii.  age and date and place of death; and |  |
|     | iii. cause of death for each child. |  |

**4A.**

| | | |
| --- | --- | --- |
| (a) | Cathy Lynn Cruse; | |
| (b) | 63 years old, ████████, Tampa, FL; | |

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

700 BROADWAY
NEW YORK, NY 10003

Redacted

```
(c)    Female;
(d)    Aiken, SC;
(e)    Objection;
(f)    Birth;
(g)    Good.


(a)    Joan Robin Sawyer;
(b)    59 years old, ██████████, New Jersey;
(c)    Female;
(d)    Conyers, GA;
(e)    Objection;
(f)    Birth;
(g)    Good.


(a)    Jan M. Laeffler;
(b)    56 years old, ██████ Chattanooga, TN;
(c)    Female;
(d)    Berthoud, CO;
(e)    Objection;
(f)    Birth;
(g)    Good.
```

5Q.    List all of the decedent's residences, from birth until the time
of death, and the dates that decedent resided at each address.

       (a)    fuel used for heating and cooking;
       (b)    significant home improvements (e.g., additions,
           reinsulation, re-wiring, etc.);
       (c)    number of family units co-occupying said structure.

5A.    I.    2003-2004

                             1719 Kelley Town Road
                             McDonough, GA
                             (a)    Electric heat,
                                   electric cooking;
                             (b)    None;
                             (c)    Private home.

     II.    1996-2003

                             101 Interlachen Court
                             Aiken, SC
                             (a)    gas heat,
                                   electric cooking
                             (b)    None
                             (c)    Single family
                                   dwelling

    III.   1993-1996

                             204 Honey Horn Drive
                             Simpsonville, SC
                             (a)    gas heat,
                                   electric cooking
                             (b)    None
                             (c)    Single family
                                   dwelling

    IV.    1989-1993

                             2969 N. Hampton Drive
                             New Pt. Richey, FL
                             (a)    oil heat, gas
                                   cooking
                             (b)    None
                             (c)    Single family
                                   dwelling

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

**Redacted**

II.   1987-1989                    150 Jennifer Lane
                                   Covington, GA
                                        (a)   oil heat, gas
                                              cooking
                                        (b)   None
                                        (c)   Single family
                                              dwelling

6Q.   For every physician or other health care provider who ever
      tested, treated, examined or consulted with the decedent, please
      state the following for each:
      (a)   name and address of physician or health care provider;
      (b)   date(s) of each test, treatment or examination;
      (c)   treatment or examination given;
      (d)   reason for treatment or examination;
      (e)   symptoms complained of at the time, if any;
      (f)   any diagnosis made; and
      (g)   any drugs or medications prescribed.

6A.   **Although it is possible that my father consulted other doctors,
      nurses and health care providers, at the present time, I am aware
      of the following doctors and treatment rendered:**

      (a)   Dr. Berea, Atlanta, GA;
      (b-g) See medical records.

      (a)   Dr. Peeples, New Pt. Richey, FL;
      (b-g) See medical records.

      (a)   Dr. Gerald Gordon, 102 Summerwood Way, Aiken, SC 29804;
            (Primary Care Physician)
      (b-g) See medical records.

      (a)   Preetha Ramalingam, Fort Gordon, GA;
            (Pathologist)
      (b-g) See medical records.

      (a)   Dr. Paul Grainer
            (Oncologist)
      (b-g) See medical records.

7Q.   For every hospital, clinic or health care institution in which
      the decedent had ever been admitted, treated, tested, or
      examined, whether as an "in-patient" or as an "out-patient,"
      please state the following for each such visit:
      (a)   name and address of the facility;
      (b)   dates of each test, treatment, examination or
            hospitalization; and
      (c)   reason for visit to the facility.

7A.   **Although it is possible that my father may have been treated or
      examined in other institutions, at the present time I am aware of
      the following institutions and treatment rendered:**

      (a)   VA Hospital, 1670 Clairmont Road, Decatur, GA 30033;
      (b-c) See medical records

      (a)   Medical College of GA, 1120 15th Street, Augusta, GA 30912;
      (b-c) See medical records

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(a)    August VA Medical Center, 1 Freedom Way, August, GA 30904;
(b-c)  See medical records

(a)    DDE Army Medical Center, Fort Gordon, GA;
(b-c)  See medical records

(a)    Portsbridge Hospice, 1374 Manchester Drive, Conyers, GA;
(b-c)  See medical records.

8Q.  Please identify each and every injury which you contend is
     related to the decedent's exposure to asbestos or Asbestos-
     Containing Products.  For each injury, describe the symptoms that
     you contend were related to the decedent's injury, the date when
     the decedent first experienced each such symptom and the date of
     diagnosis and name of any diagnosing doctor.  Indicate the dates
     that both you and the decedent first became aware of the
     diagnosis.

8A.  My father was diagnosed with Lung Cancer on April 20, 2004. He
     experienced severe pain and his condition progressively
     deteriorated.  At various times during his illness my father
     experienced a variety of different and differing symptoms, which
     were numerous and frequent and which became more and more
     pronounced and agonizing until his ultimate demise.

9Q.  Describe any pain, incapacity, inability to lead a normal life,
     inability to work, or disability (including retirement) alleged
     to have resulted from the decedent's medical conditions),
     including the date and basis therefore.

9A.  My father suffered pain and death.  Before his death he lived in
     fear, experienced mental and emotional pain, discomfort and
     overall misery.  My father's condition totally disrupted his
     life, totally limited him in his every day activities, and
     rendered him completely unable to live a normal life.

10Q. Did the decedent ever have any biopsies or tissue samples taken?
     If so, please state for each such procedure:
     (a)  the name, address and telephone number of each physician
          performing such procedures;
     (b)  the address where such procedures were performed;
     (c)  the date when such procedures were performed; and
     (d)  the results, conclusions, and/or diagnosis arising from
          such procedures, and the dates on which the decedent was
          advised of the results.

10A. (a)  My father has had biopsies performed at the medical
          facilities listed in responses to interrogatories, but
          medical records may not reflect additional locations.
     (b-d) See medical records

11Q. Did the decedent ever have any chest x-rays, CT Scans and/or
     pulmonary function tests? If so, state:
     (a)  the dates and places;
     (b)  the reasons;
     (c)  the results and/or diagnosis resulting therefrom;
     (d)  the location of all chest X-ray and CT Scan films; and
     (e)  provide appropriate authorization to obtain all X-rays, CT
          Scans and pulmonary function tests.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

6 of 27

11A. My father had x-rays and/or CT scans by the following providers:

(a-c) My father had chest X-rays and CT scans performed at the
locations listed in answers 6 and 7, but the medical
records may or may not reflect other locations.

(d) X-Rays and CT scans should be in the possession of the
respective doctors.

(e) Authorizations have been provided.

12Q. Was an autopsy performed on the body of the decedent? If so, for
each autopsy, state:
(a) why the autopsy was ordered;
(b) the name, address, occupation and professional specialty of
each person performing the autopsy;
(c) the time, date and place where the autopsy was performed;
and
(d) the cause of death shown by the autopsy.

12A. No.

13Q. If it is claimed that any damages are owing to any person or
entity on account of loss of any inheritance as a result of
decedent's alleged exposure to asbestos or Asbestos-Containing
Products, list all real and personal property owned by the
decedent at the time of the decedent's death and where the same
was located (clothing and personal effects need not be included).
Also, indicate all bank savings accounts maintained in the name
of the decedent, indicating that the name and address of the bank
and the account number, and state the amount in each account at
the time of the decedent's death and state the decedent's net worth
(in dollar amount at the time of death.

13A. N/A.

14Q. Has an estate tax return been filed by the decedent's estate? If
yes,
(a) state the name and address of the person or firm that
prepared the return; and
(b) give the name and present custodian of the return.

14A. Upon information and belief, an estate tax return has not been
filed on behalf of my father.

15Q. Please identify each member of the decedent's household at any
time during the last ten years of the decedent's life as follows:
(a) the name, age, occupation, present address and relationship
to the decedent;
(b) the portion of the last 12 months of the decedent's life
during which each person was a member of the decedent's
household; and
(c) whether decedent claimed the individual as a dependent.

15A. (a) Cathy Cruse, 63 years old, 401 Wood Lake Drive, Aiken, SC
29803, daughter;
(b) 1 month;
(c) Yes.

(a) Joan Robin Sawyer, 59 years old, McDonough, GA, daughter.
(b) 11 months;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(c)   Yes.

16Q.  Did the decedent, during the last ten years of the decedent's life, contribute money or other tangible benefits to anyone:  If so, for each beneficiary, state:
(a)   the name and address;
(b)   the date and place of birth;
(c)   the relationship to the decedent;
(d)   the date of each contribution;
(e)   the reason for each contribution;
(f)   the amount or value of each contribution;
(g)   a description of anything of value the decedent received in exchange for such contribution; and
(h)   the years for which the decedent claimed this person as a dependent for income tax purposes

16A.  My father supported and contributed everything necessary for the support of myself and our family.

17Q.  Did the decedent perform services for any of decedent's parents, spouse, former spouse(s) or children:  If so, for each person, state:
(a)   the name, address and relationship to decedent of the person for whom the service was performed;
(b)   a description of each service performed for such person;
(c)   the total time spent by the decedent performing the service per year and the frequency with which he performed such service;
(d)   the date the decedent last performed each such service;
(e)   the compensation, if any, the decedent received for performing each service;
(f)   the total cost to such person of getting others to perform each service performed by the decedent; and
(g)   the name, address and occupation of each person performing each such service since the decedent's death.

17A.  My father performed services for myself and our family.

18Q.  Please list the decedent's hobbies or major leisure activities in which the decedent engaged during the 20 years prior to decedent's death.  If you do not consider the decedent to have had hobbies or to have participated in activities, please describe how the decedent spent his free time.

18A.  Upon information and belief, it is difficult to construct with any precision the numerous activities that my father engaged in for a twenty-year period.  Notwithstanding these difficulties, my father participated in all the ordinary and usual activities of daily life and family functions, and enjoyed them to the fullest extent possible.

19Q.  Did the decedent ever consult or see professionally a psychiatrist, psychologist or counselor?  If the answer is yes, please state:
(a)   when such consultation occurred;
(b)   the name of the psychiatrist, psychologist or counselor; and
(c)   the reason of the consultation.

19A.  To the best of my knowledge, my father did not.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

8 of 27

20Q. Was the decedent ever exposed to or did the decedent ever use, inhale or ingest any of the following substances on a regular basis or at work. If so, state the date(s), place(s), and circumstances thereof.

| | | | | | |
|---|---|---|---|---|---|
| 1. | acids | 2. | aluminum | 3. | arsenic |
| 4. | barium | 5. | beryllium | 6. | butanol |
| 7. | cadmium | 8. | carborundum | 9. | chloroethylene |
| 10. | chlorine | 11. | chromate | 12. | chromite |
| 13. | chromium | 14. | coal dust (coal) | 15. | coal tar |
| 16. | cotton dust | 17. | epoxy | 18. | ethanol |
| 19. | grinding dust | 20. | iron | 21. | isocyanates |
| 22. | isopropanol | 23. | lead | 24. | live chickens |
| 25. | manganese | 26. | nickel | 27. | nitrogen dioxide |
| 28. | nuclear radiation | 29. | ozone | 30. | petroleum distillates |
| 31. | phosgene | 32. | radiation | 33. | silica |
| 34. | titanium | 35. | toluene | 36. | welding smoke |
| 37. | zylene | 38. | zinc. | | |

20A. Unknown.

21Q. Did the decedent ever, from birth to the time of death, use cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance? If so, state the following:
  (a)  the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);
  (b)  the dates during which the decedent used each such product;
  (c)  the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day for 2 years);
  (d)  whether the decedent was ever told by a physician that he was suffering from any disease or illness caused by or contributed to by tobacco; and
  (e)  whether the decedent was ever advised by any physician or any other person that use of tobacco products could adversely affect his health and whether the decedent was ever advised to stop using tobacco products.  If so, identify each physician or person who gave him any such advice, the dates on which the advice was given, and state exactly what, if anything, the decedent did in response to that advice.

21A.  (a)  Lucky Strike cigarettes and/or Marlboro cigarettes;
       (b)  1942-1980;
       (c)  Two to three packs per day;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(d)    I do not believe my father was ever told that he was suffering from any disease or illness caused by or contributed to by tobacco;

(e)    My father was advised by Dr. Berea to stop smoking and he did so shortly after such warning.

22Q.    For each spouse and member of the decedent's household, from each individual's birth until the date of the decedent's death, state whether each individual now uses or ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

(a)    the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

(b)    the dates during which they used each such product.

**22A.**    **Plaintiff's spouse never smoked cigarettes during their marriage.**

23Q.    Did the decedent consume alcoholic beverages?  If so, state the following:

(a)    the type of alcoholic beverages consumed;

(b)    the dates during which the decedent consumed each such alcoholic beverage;

(c)    the amount of such beverage the decedent consumed per day during each period of time; and

(d)    whether the decedent was ever treated for any illness or disease related to his consumption of alcoholic beverages.

**23A.**    **My father consumed alcoholic beverages on social/weekend occasions only.**

24Q.    Have you, the decedent or the decedent's spouse ever been a party to or a witness in any lawsuit, court or administrative proceeding? If so, please state:

(a)    whether you, the decedent or the decedent's spouse were a party or witness and if party, whether plaintiff or defendant;

(b)    the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

(c)    the nature of the charges or claims and, if you, the decedent or the decedent's spouse were a witness, the subject matter of the testimony; and

(d)    the disposition of the case.

**24A.**    **No.**

25Q.    Had the decedent ever been a member of the Armed Forces of the United States? If so, state the following:

(a)    the branch of the service, serial number, and highest rank held;

(b)    the beginning and ending dates of military service;

(c)    the type of discharge received;

(d)    whether decedent received any injury or incurred any illness during military service; and

(e)    if decedent received a medical discharge, attach a copy hereto and set forth the medical reasons.

**25A.**    **(a)    United States Navy, 632-42-48, Machinist's mate;**

**(b)    12/3/42-1/29/46;**

**(c)    Honorable;**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(d)   None;
(e)   Not applicable.

26Q.   As to each and every employer (including military service) the decedent had from the time he was first employed until the time of his death, set forth the following:

(Use attached Chart A)

Include on the chart all of the decedent's employers where he worked, and all job sites, regardless of whether or not it is alleged that decedent was exposed to asbestos during the employment. Also, include the source of any product identification information provided on Chart A.

26A.   See attached Chart A; Defendants are also directed to Decedent's Social Security Printout which may be obtained from RecordTrak.

27Q.   Please state the following with respect to each Asbestos-Containing Product identified on Chart A:
(a)   the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;
(b)   the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight;
(c)   the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container; and
(d)   the source of the information provided in response to this interrogatory.

27A.   Mr. George is deceased and therefore unable to respond to this Interrogatory.

Plaintiff's counsel states that, upon information and belief, the decedent was exposed to a variety of different asbestos containing products during his course of employment as a Machinist's Mate, Shift Foreman, and Laborer such as asbestos-containing pipe covering, block, cement, cloth, gaskets, packing, turbines, pumps, evaporators, boilers, brake lining, and hoses. Upon information and belief, these products were manufactured, distributed, sold and/or contracted for use by parties named as defendants in plaintiff's lawsuit-including but not limited to:

| |
|---|
| ARMSTRONG PUMPS, INC. |
| AURORA PUMP |
| BELL & GOSSETT |
| BMCE INC. |
| BORG-WARNER CORP. |
| BUFFALO PUMPS, INC. |
| BURNHAM CORPORATION |
| BYRON JACKSON PUMPS |
| CERTAINTEED CORP. |
| CLEAVER BROOKS COMPANY |
| COMPUDYNE CORPORATION |
| CRANE CO. |
| DANA COMPANIES, LLC |
| DB RILEY |
| EMPIRE ACE INSULATION MANUFACTURING |

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

| CORPORATION |
| --- |
| FOSTER WHEELER CORPORATION |
| GENERAL ELECTRIC COMPANY |
| GOODYEAR TIRE AND RUBBER COMPANY |
| GOULD PUMPS, INC. |
| IMO INDUSTRIES INC. |
| INGERSOLL-RAND COMPANY |
| J.H. FRANCE REFRACTORIES COMPANY |
| OWENS-ILLINOIS, INC. |
| VIACOM, INC., as successor by merger to CBS CORPORATION, f/k/a WESTINGHOUSE ELECTRIC CORPORATION |
| WARREN PUMPS INC. |
| WEIL-MCLAIN COMPANY, INC. |

Further identification of the defendants' products may be established by various co-workers of the Plaintiff. Additionally, product identification may be established from invoices obtained from the defendant-manufacturers themselves. Plaintiff's counsel reserves the right to amend his Answers to Interrogatories as additional information becomes available.

Plaintiff's counsel alleges that, at the present time and upon information and belief, the plaintiff was exposed to asbestos-containing products manufactured by, or insulation used on equipment manufactured by, or was exposed to asbestos due to the negligence of, the defendants named in the Plaintiff's lawsuit as well but not limited to some of the companies (or their legal predecessors) listed on Exhibit A: UNR Industries, Johns-Manville, Amatex, Forty-Eight Insulations, PACOR, Celotex, National Gypsum, Eagle-Picher, H.K. Porter, Kentile, Keene, Rockwool, M.H. Detrick, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe, Owens Corning, Armstrong World Industries, G-1 Holdings, W.R. Grace, United States Gypsum, Federal Mogul, Eastco Industrial Safety, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, Harbison-Walker Refractories, A.P. Green, Alra Group, A.C.&S. and others.

Plaintiff's counsel further states that identification of the manufactures, sellers, distributors and users of the products to which the plaintiff was exposed, as well as any and all tort-feasors liable to plaintiff for causing or contributing to his contraction of an asbestos-related disease may be established by other witnesses, Interrogatory Answers of the tort-feasors, sales invoices and other evidence.

Plaintiff and Plaintiff's counsel reserve the right to amend and/or supplement this answer, as additional information becomes available.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

28Q. Did decedent retire from his employment prior to his death?  If so, set forth the following:
   (a)  whether said retirement was voluntary or involuntary;
   (b)  the effective date of said retirement;
   (c)  the name of decedent's employer at the time of retirement;
   (d)  the reason for said retirement;
   (e)  whether decedent's retirement was related to any claimed asbestos-related injury;
   (f)  whether decedent ever received a pension, and if so, the date of receipt and the amounts received; and
   (g)  whether any pension payments have been paid to decedent's spouse since decedent's death and, if so, the date of receipt and the amounts received.

28A. (a)  Voluntary;
     (b)  early/mid 1980's;
     (c)  Unknown;
     (d)  Unknown;
     (e)  Unrelated;
     (f)  No;
     (g)  Not applicable.

29Q. State whether the decedent was exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity.  If so, state the following:
        (a)  As to each and every employer (including military service) the decedent had from the time the decedent was first employed to the present, set forth the following, concerning Bankrupt Entities' products only:
        i.   Name of employer;
        ii.  Dates of employment;
        iii. Asbestos-related jobsite and address where Bankrupt Entity's products were being used;
        iv.  Dates the decedent was at the jobsite;
        v.   Job duties at the particular jobsite;
        vi.  Bankrupt Entity's Asbestos-Containing Materials or Products to which the decedent was exposed;
        vii. Other companies using Bankrupt Entity's Asbestos-Containing Materials or Products at the jobsite; and
        viii. Whether the decedent received any warnings with respect to the use of said product and the nature of those warnings.
     (b)  If the decedent was exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of his employment, state for each such exposure:
        i.   the date, location and circumstances; and
        ii.  the type of product and the name of the manufacturer, distributor, and miner.

29A. See Answer 27A.

30Q. If you contend that the decedent was exposed to, used, ingested or inhaled asbestos or Asbestos-Containing Products at any time other than in the scope of his employment, state for each such exposure:
   (a)  the date, location and circumstances; and
   (b)  the type of product and the name of the manufacturer,

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

distributor, and miner.

30Q. **My father was not exposed to asbestos outside the scope of his employment.**

31Q. Had the decedent ever been a member of any labor union? If so, state:
    (a)   the name and address of each local, national and international labor union;
    (b)   the inclusive dates of the decedent's membership; and
    (c)   any position(s) decedent held with each such labor union, and the dates during which the decedent held such positions.

31A. **No.**

32Q. State whether the decedent had ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos materials and/or Asbestos-Containing Products, and if so, identify:
    (a)   each such warning, directive, notification, direction, instruction, or information;
    (b)   the means by which such was given to the decedent;
    (c)   the source and the date on which it was received by the decedent; and
    (d)   the decedent's response or reaction, including any complaints made or changes in work habits.

32A. **My father was never warned of the dangers of exposure to asbestos.**

33Q. State whether the decedent had available for use during any period of his employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:
    (a)   the period of time during which said items were available;
    (b)   what instructions were given with regard to the use of each of said items;
    (c)   whether the decedent used said items and the dates of his use;
    (d)   whether the decedent ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

33A. **Upon information and belief, masks were not made available to my father but if my father had been properly and adequately warned on the dangers of asbestos, he would have sought a mask or respirator for his protection.**

34Q. State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, funeral expenses, burial or cremation expenses, etc., naming the person or organization to whom each item of expense was paid or is due, and, by whom each item of expense was paid.

34A. **Plaintiff's counsel is presently coordinating this information, which will be forwarded upon receipt; defendants are also directed to records received from RecordTrak.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

35Q.   Identify and give the substance of all written statements,
       recordings, or videotapes which relate to the facts of this
       lawsuit and the damages you claim given by you, the decedent or
       any witness (provided such information is in plaintiff's
       possession, custody or control and/or such statements, recordings
       or videotapes are not protected by the attorney-client privilege)
       in the above-captioned matter.

35A.   Objection: unduly broad and vague. Subjection, plaintiff's counsel
       states that, upon information and belief, plaintiff's counsel is
       not in possession of any non-privileged thing that would enable
       plaintiff's counsel to respond to this interrogatory.

36Q.   Did the decedent ever make any claim for, or received any, health
       or accident insurance benefits, social security benefits, state
       or federal benefits for disabilities, workers' compensation
       benefits, veterans' benefits, tort claims or suits, Federal
       Employers Liability Act claims or suits, Longshoremen and Harbor
       Workers Act claims or suits, unemployment compensation insurance
       benefits, or early payment from any public or private pensions
       due to the decedent's disability or injury or medical condition?
       If so, state the following:
       (a)   the date and place where each such claim was made;
       (b)   the name and nature of the entity with which the claim was
             made;
       (c)   any identifying number, such as a docket or petition
             number, for each claim;
       (d)   the defendant, agency, insurer, employer or other entity to
             or against whom the claim was made and its file number;
       (e)   the nature of the claim;
       (f)   whether decedent was examined by a physician and if so, the
             name and address of that physician;
       (g)   the name and address of any attorney who represented the
             decedent with regard to such claims;
       (h)   the result of such claim, including the amount realized by
             way of settlement, judgment or award upon the claim.  If no
             settlement, judgment or award was realized, state the
             reason therefore; and
       (i)   does plaintiff or the decedent's spouse (if different from
             the plaintiff) presently receive any such benefits?

36A.   No.

37Q.   State the following with regard to your asbestos-related legal
       action:
       (a)   Did you or the decedent file an asbestos-related claim in
             more than one (1) jurisdiction;
       (b)   Identify all of the jurisdiction(s) where an asbestos-
             related claim has been filed (whether or not these claims
             have been dismissed or discontinued or otherwise resolved)
             on your or the decedent's behalf;
       (c)   Did you or the decedent file your asbestos-related claim(s)
             under more than one (1) Index Number; and
       (d)   Provide all of the Index Numbers for all of your or the
             decedent's asbestos-related claim(s), including all multiple
             Index Numbers for claims filed in New York County.

37A.   Plaintiff's counsel, on behalf of plaintiff, has filed a lawsuit
       for plaintiff's malignant asbestos-related disease, in New York

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

State Supreme Court, County of New York, under index number 115544-04.

38Q.  State whether or not you or the decedent have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settlement from a Bankrupt Entity.  If so, for each claim state the following:
   (a)  the date and place where each such claim was made;
   (b)  the name and nature of the entity with which the claim was made;
   (c)  any identifying number, such as a docket or petition number, for each claim;
   (d)  the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;
   (e)  the nature of the claim;
   (f)  whether the decedent was examined by a physician and if so, the name and address of that physician; and
   (g)  whether you or the decedent received any compensation as a result of such claim, but not the amount.

38A.  **Plaintiff's counsel**, on behalf of plaintiff, **has** filed claims against the following Bankrupt Entities:

      (a)  3/31/2009
      (b)  ABB Lummus Trust, for asbestos exposure;
      (c)  Objection;
      (d)  **ABB Lummus Trust;**
      (e)  Asbestos exposure;
      (f)  Plaintiff was not examined by a physician for the claim;
      (g)  Plaintiff has not received compensation for the claim.

      (a)  11/20/2012
      (b)  AC&S Trust, for asbestos exposure;
      (c)  Objection;
      (d)  **AC&S Trust;**
      (e)  Asbestos exposure;
      (f)  Plaintiff was not examined by a physician for the claim;
      (g)  Plaintiff has not received compensation for the claim.

      (a)  7/3/2007
      (b)  Armstrong World Industries Trust, for asbestos exposure
      (c)  Objection;
      (d)  **Armstrong World Industries Trust;**
      (e)  Asbestos exposure;
      (f)  Plaintiff was not examined by a physician for the claim;
      (g)  Plaintiff has received compensation for the claim.

      (a)  5/2/2011
      (b)  Artra Asbestos Trust, for asbestos exposure;
      (c)  Objection;
      (d)  **Artra Asbestos Trust;**
      (e)  Asbestos exposure;
      (f)  Plaintiff was not examined by a physician for the claim;

  (g) Plaintiff has not received compensation for the claim.

  (a) 5/25/2007
  (b) Babcock & Wilcox Trust, for asbestos exposure;
  (c) Objection;
  (d) **Babcock & Wilcox Trust;**
  (e) Asbestos exposure;
  (f) Plaintiff was not examined by a physician for the claim;
  (g) Plaintiff has not received compensation for the claim.

  (a) 9/27/2013
  (b) Burns & Roe Enterprises, Inc. Trust, for asbestos Exposure;
  (c) Objection;
  (d) **Burns & Roe Enterprises, Inc. Trust;**
  (e) Asbestos exposure;
  (f) Plaintiff was not examined by a physician for the Claim;
  (g) Plaintiff has not received compensation for the claim.

  (a) 2/7/2006
  (b) Celotex Corp. Trust, for asbestos exposure;
  (c) Objection;
  (d) **Celotex Corp. Trust;**
  (e) Asbestos exposure;
  (f) Plaintiff was not examined by a physician for the Claim;
  (g) Plaintiff not received compensation for the claim.

  (a) 12/6/2006
  (b) Combustion Engineering Trust, for asbestos exposure;
  (c) Objection;
  (d) **Combustion Engineering Trust;**
  (e) Asbestos exposure;
  (f) Plaintiff was not examined by a physician for the claim;
  (g) Plaintiff has received compensation for the claim.

  (a) 11/18/2008
  (b) DII Trust (Harbison Walker), for asbestos exposure;
  (c) Objection;
  (d) **DII Trust (Harbison Walker);**
  (e) Asbestos exposure;
  (f) Plaintiff was not examined by a physician for the Claim;
  (g) Plaintiff has not received compensation for the claim.

  (a) 11/18/2008
  (b) DII Trust (Non-Harbison Walker), for asbestos exposure;
  (c) Objection;
  (d) **DII Trust (Halliburton);**
  (e) Asbestos exposure;
  (f) Plaintiff was not examined by a physician for the Claim;

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(g)   Plaintiff has not received compensation for the
      claim.

(a)   2/2/2006
(b)   Eagle Picher Industries, Inc. Trust, for asbestos
      Exposure;
(c)   Objection;
(d)   **Eagle Picher Industries, Inc. Trust;**
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the
      Claim;
(g)   Plaintiff has received compensation for the claim.

(a)   10/14/2011
(b)   Federal Mogul Trust (T&N Subfund (Flexitallic)), for
      asbestos exposure;
(c)   Objection;
(d)   **Federal Mogul Trust (T&N Subfund (Flexitallic));**
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the
      claim;
(g)   Plaintiff has received compensation for the claim.

(a)   9/3/2007
(b)   Fibreboard Trust, for asbestos exposure;
(c)   Objection;
(d)   **Fibreboard Trust;**
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the
      claim;
(g)   Plaintiff has not received compensation for the
      claim.

(a)   2/9/2012
(b)   G-I Holdings Trust, for asbestos exposure;
(c)   Objection;
(d)   **G-I Holdings Trust;**
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the
      Claim;
(g)   Plaintiff has not received compensation for the
      claim.

(a)   3/4/2010
(b)   H.K. Porter Trust, for asbestos exposure;
(c)   Objection;
(d)   **H.K. Porter Trust;**
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the
      claim;
(g)   Plaintiff has received compensation for the claim.

(a)   8/17/2006
(b)   Manville Trust, for asbestos exposure;
(c)   Objection;
(d)   **Manville Trust;**
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the
      claim;
(g)   Plaintiff has received compensation for the claim.

(a)  12/18/2008
(b)  National Gypsum Co. Trust, for asbestos exposure;
(c)  Objection;
(d)  **National Gypsum Co. Trust;**
(e)  Asbestos exposure;
(f)  Plaintiff was not examined by a physician for the claim;
(g)  Plaintiff has not received compensation for the claim.

(a)  9/3/2007
(b)  OCF Trust, for asbestos exposure;
(c)  Objection;
(d)  **OCF Trust;**
(e)  Asbestos exposure;
(f)  Plaintiff was not examined by a physician for the claim;
(g)  Plaintiff has not received compensation for the claim.

(a)  4/6/2009
(b)  Plibrico Trust, for asbestos exposure;
(c)  Objection;
(d)  **Plibrico Trust;**
(e)  Asbestos exposure;
(f)  Plaintiff was not examined by a physician for the claim;
(g)  Plaintiff has received compensation for the claim.

(a)  4/6/2009
(b)  Porter Hayden Company Trust, for asbestos exposure;
(c)  Objection;
(d)  **Porter Hayden Company Trust;**
(e)  Asbestos exposure;
(f)  Plaintiff was not examined by a physician for the Claim;
(g)  Plaintiff has not received compensation for the claim.

(a)  1/12/2011
(b)  Raytech Industries, Inc. Trust, for asbestos exposure;
(c)  Objection;
(d)  **Raytech Industries, Inc. Trust;**
(e)  Asbestos exposure;
(f)  Plaintiff was not examined by a physician for the claim;
(g)  Plaintiff has received compensation for the claim.

(a)  12/3/2010
(b)  Rutland Fire Clay Company, for asbestos exposure;
(c)  Objection;
(d)  **Rutland Fire Clay Company;**
(e)  Asbestos exposure;
(f)  Plaintiff was not examined by a physician for the claim;
(g)  Plaintiff has not received compensation for the claim.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

700 BROADWAY
NEW YORK, NY 10003

(a)   9/25/2013
(b)   U.S. Mineral Products Co. Trust, for asbestos exposure;
(c)   Objection;
(d)   U.S. Mineral Products Co. Trust;
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the claim;
(g)   Plaintiff has not received compensation for the claim.

(a)   6/28/2007
(b)   U.S. Gypsum Trust, for asbestos exposure;
(c)   Objection;
(d)   U.S. Gypsum Trust;
(e)   Asbestos exposure;
(f)   Plaintiff was not examined by a physician for the claim;
(g)   Plaintiff has received compensation for the claim.

39Q.   State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

39A.   **Neither plaintiff nor plaintiff's counsel on plaintiff's behalf has applied to any Bankrupt Entity or Bankrupt Court to lift stay as to plaintiff's claim or otherwise attempted to join a Bankrupt Entity to the action.**

40Q.   Did the decedent or his spouse ever file for divorce against the other?  Were the decedent and his spouse ever separated for any period more than 48 hours because of a marital disagreement:  If yes, indicate every such incident, stating the reason for the separation and the length of time of each separation.  Did the decedent and/or his spouse ever seek marital counseling?  If so, provide the inclusive dates of such counseling and the name, address and credentials of the person consulted.

40A.   No.

41Q.   Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

41A.   **Plaintiff's counsel**, on behalf of and with the consent of plaintiff, has either settled or agreed to settle the plaintiff' lawsuit with the following entities:

> Armstrong World Industries Trust
> Celotex Corp.
> Combustion Engineering Trust
> Eagle Picher Industries, Inc.
> Federal Mogul Trust (T&N subfund (Flexitallic))
> Federal Mogul Trust SEQ (T&N subfund (Flexitallic))
> Garlock, Inc.
> H.K. Porter Trust
> Manville Trust
> Owens-Illinois, Inc.
> Pfizer, Inc.
> Plibrico Company Trust
> Raytech Corporation Trust

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Robert A. Keasbey Company
Union Carbide
U.S. Gypsum Trust
Worthington Trust

42Q.   Has a claim been filed for or on behalf of decedent or his spouse
       seeking compensation for any alleged asbestos-related condition
       from any entity, including settlement trusts?  Specify "Yes" or
       "No" only.

42A.   No.

43Q.   If your answers to any of these interrogatories have been based
       in whole or in part, on decedent's records, identify those records
       and state the name and address of the person or entity having
       custody of those records.

43A.   See Document Production.

44Q.   Identify all persons, other than your attorneys, who provided you
       with any information used in answering these interrogatories, and
       state the particular information each person supplied.

44A.   Cathy Cruse.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B)(2)(b) of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below.  The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed.  The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

1.   All documents identified in your answers to these interrogatories

R.1.  Documents responsive to this Document Demand will be made available for photocopying and inspection, upon request, at the offices of Weitz & Luxenberg at a mutually convenient date and time. You may also request electronic copies in the form of a PDF by sending an e-mail to the following address:

skalmancy@weitzlux.com

Please note the Plaintiff's name and the Index Number of the case in your request.

Additionally we will make a copy of the documents responsive to Defendants' Demands to Produce available at Plaintiff's deposition.

2.   A copy of the death certificate of the decedent.

R.2.  See attached.

3.   A copy of the autopsy report for the decedent.

R.3.  Not applicable.

4.   A copy of the decedent's will and all codicils if the decedent died testate.

R.4.  See attached.

5.   A copy of any Letters Testamentary which were issued in connection with the decedent's estate.

R.5.  See attached.

6.   A copy of an estate tax return filed by the decedent's estate.

R.6.  Not applicable.

7.   All documents relating to the decedent's job qualifications and professional licenses held.

R.7.  To the extent any exist, they will be provided.

8.   All documents relating to the decedent's membership in any labor trade association or professional organization.

R.8.  Not applicable.

9.   All documents relating to the decedent's military or foreign

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

service, including and not limited to, personnel records, discharge papers, military occupational specialty qualifications, promotions, reductions or disciplinary actions.

    **R.9.   To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

10.    All documents relating to any claim or demand ever made by the decedent for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

    **R.10. To be provided.**

11.    All documents in plaintiff's possession, custody or control relating in any way to the decedent's exposure or possible exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials.

    **R.11. Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

12.    All documents in plaintiff's possession, custody or control relating in any way to the decedent's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromate, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

    **R.12. Upon information and belief, plaintiff was not exposed to the above on a regular basis, but nonetheless does not have any of the materials asked for.**

13.    All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, Asbestos-Containing Products, and/or Asbestos-Containing Materials.

    **R.13. To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

14.    All applications prepared or submitted by or on behalf of the plaintiff or the decedent for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

    **R.14. Plaintiff has no such documents in his possession.**

15.    All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff or the decedent relating in any way to exposure or alleged exposure to asbestos, Asbestos-Containing Products and/or Asbestos-Containing Materials or any other issues relating to this lawsuit except that information prepared by, for, or at the request of plaintiff's counsel must be identified

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

(including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

    **R.15. Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

16.    All records in plaintiff's possession, custody or control relating to comments, complaints, suggestions, or proposals made to the decedent's employer or the decedent's union, by the decedent or by other employees or union members regarding asbestos exposure.

    **R.16. Plaintiff has no such documents in his possession.**

17.    All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel made after an attorney-client relationship has been established, and attorney work product, need not be produced or identified.

    **R.17. Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

18.    All photographs of the decedent at work or in work clothes and all photographs of all products or conditions complained of in the decedent's place of employment.

    **R.18. To the extent that they exist, they will be provided.**

19.    Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

    **R.19. To be provided; Defendants are also directed to RecordTrak.**

20.    Copies of all reports, correspondence and records from any doctor who has examined the decedent, any hospital where the decedent has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications issued by any consulting physicians who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

    **R.20. RecordTrak has all available medical records.**

21.    All tissue specimens, tissue slides, and x-ray films and CT scans pertaining to the decedent.

    **R.21. RecordTrak has all available medical records.**

22.    Copies of decedent's income tax returns for the last ten years of employment and up to the year of decedent's death as well as any

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

other documents, including economic loss reports, upon which plaintiff relies in support of his claims. If loss of earnings or earning capacity is alleged or claimed to have occurred before the time of death, include copies of the income tax returns of the decedent from ten years prior to the claimed loss and up to the year of decedent's death.

**R.22. RecordTrak has all available income tax records.**

23. Any asbestos and/or Asbestos-Containing Products or product packaging of the type to which the plaintiff alleges the decedent was exposed and which the plaintiff has in his possession, custody or control.

**R.23. To the extent that any exist, they will be provided.**

24. All photographs, charts, drawing, diagrams or other graphic representations depicting work conditions at work sites where the plaintiff claims the decedent was exposed to asbestos or Asbestos-Containing Products.

**R.24. To the extent that any exist, they will be provided.**

25. All invoices, bills, statements and any other writings or records which the plaintiff contends evidence the sale of any Asbestos-Containing Products to the place of the decedent's employment at which plaintiff claims that decedent was exposed to asbestos. This does not include documents in the possession, custody or control of plaintiff's attorney unless such documents were provided by plaintiff to his/her attorney and are not privileged.

**R.25. To the extent that any exist, they will be provided.**

26. Any written advice, publication, warning, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or Asbestos-Containing Products in the possession, custody or control of the plaintiff.

**R.26. Plaintiff has no such material in his possession.**

27. Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

**R.27. To the extent that any exist, they will be provided.**

Dated:     New York, New York          Respectfully submitted,
           5/20 , 2014
                                        Weitz & Luxenberg, P.C.
                                        Attorneys for Plaintiff

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

Suzanne M. Ratcliffe, Esq.
Weitz & Luxenberg, P.C.
700 Broadway
New York, N.Y.  10003
(212) 558-5791

## EXHIBIT A

Bankrupt Entity may include, without limitation, one or more of the following:

AC and S, Inc; Artra Group, Inc. (Synkoloid); Amatex Corp.; A.P. Green Industries; Armstrong World Industries; Babcock & Wilcox; Bethlehem Steel; Burns & Roe Enterprises; C.E. Thurston.; Celotex Corp.; Combustion Engineering; Eagle-Picher; Eastco Industrial Safety Corp.; Federal Mogul; Fibreboard; Flintkote; Forty-Eight Insulations, Inc.; Fuller-Austin Insul.; G-1 Holdings (GAF Corp.); Harbison-Walker Refractories Co.; H.K. Porter Co.; Johns-Manville Co.; J.T. Thorpe; Kaiser Aluminum; Keene Corp., M.H. Detrick; National Gypsum Co.; Nicolet, Inc.; North American Refractories; Owens Corning; PACOR; Pittsburgh Corning; Plibrico Refractories; Porter-Hayden; Quigley/Pfizer; Raytech; Rock Wool Mfg.; Rutland Fire & Clay; Shook & Fletcher; T.H.A.N.; UNR Industries, Inc.; USG (US Gypsum) Corp.; US Mineral; Washington Group Int'l, Inc.; Western Asbestos; Worthington; W.R. Grace.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

CHART A

EMPLOYER/JOBSITE HISTORY FOR RICHARD A. GEORGE

| Name of employer | dates of employment | Asbestos-related jobsite | dates you were at jobsite | job duties | ACM* used personally | ACM* used by others | Other workers on jobsite including supervisor | ACM identified by such other workers | Other companies using ACM at this site |
|---|---|---|---|---|---|---|---|---|---|
| Unknown at this time. | 1946-1948 | Rose Oil Co. Refinery, Findlay, OH | 1946-1948 | Laborer | Plaintiff was exposed to asbestos dust from contact with asbestos pipe covering, block, cement, cloth, gaskets, packing, pumps, evaporators, boilers, hoses, brake lining and any other asbestos containing equipment.

Plaintiff was also exposed to asbestos dust from handling pipe covering, block, cement, cloth, gaskets, packing, turbines, pumps, evaporators, hoses, brake lining, and boilers. | Plaintiff was exposed to asbestos dust from other people working around him on asbestos-pipe covering, block, cement, cloth, gaskets, packing, turbines, pumps, evaporators, hoses, brake lining, boilers, and any other asbestos containing equipment.

Plaintiff was also exposed to asbestos dust from other people handling pipe covering, block, cement, cloth, gaskets, packing, turbines, pumps, evaporators, hoses, brake lining, and boilers. | Unknown at this time | Unknown at this time | Unknown at this time |
| United States Navy | 1945-1946 | Ship: USS Richland | 1945-1946 | Machinist's Mate | | | | | |
| | 1943-1945 | Brooklyn Navy Yard | 1943-1946 | | | | | | |
| Thermoid Rubber Co. | 1950-1953 | Hamilton, NJ | 1950-1953 | Shift Foreman | | | | | |

* ACM - Asbestos Containing Materials or Products

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003

<u>VERIFICATION</u>

STATE OF NEW YORK

COUNTY OF _____

**CATHY G. CRUSE**,  being duly sworn, deposes and says:

I am the Plaintiff in the action entitled **CATHY G. CRUSE, as Executrix for the**

**Estate of RICHARD A. GEORGE, v. A.W. CHESTERTON COMPANY, et**

**al.** I have reviewed the foregoing **PLAINTIFF'S RESPONSE TO**

**DEFENDANTS' FOURTH AMENDED WRONGFUL DEATH**

**INTERROGATORIES AND REQUEST FOR PRODUCTION OF**

**DOCUMENTS**, and know the contents thereof attributed to me to be true to the

best of my own knowledge except as to the matters therein stated to be alleged on

information and belief or as to those matters provided by co-workers or my

attorneys, and as to those matters I believe them to be true.

_____
CATHY CRUSE

Sworn to before me
this 2 day of May , 2014

_____
Miriam E. Padgett

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
700 BROADWAY
NEW YORK, NY 10003