T-101908

SUPREME COURT OF THE STATE OF NEW YORK
ALL COUNTIES WITHIN NEW YORK CITY
-------------------------------------------------------------x

In Re: NEW YORK CITY
ASBESTOS LITIGATION
-------------------------------------------------------------x

This Document Applies to:


Richard George



-------------------------------------------------------------x

NYCAL

Index No. 115544/04

PLAINTIFF'S RESPONSES TO
DEFENDANTS' FOURTH
AMENDED STANDARD
SET OF INTERROGATORIES
AND REQUEST FOR
PRODUCTION OF DOCUMENTS

## PRELIMINARY STATEMENT AND OBJECTIONS

Plaintiff objects to Defendants' Fourth Amended Standard Set Of Interrogatories And Request For Production Of Documents, as well as the Explanation and Definitions and Instructions contained therein ("Interrogatories"), for the reasons that follow below:

Plaintiff objects to the Interrogatories to the extent that they seek to impose upon plaintiff obligations or burdens which are greater than, or inconsistent with New York law.

Plaintiff further objects to these Interrogatories and to each individual request and/or interrogatory, to the extent that they seek information or request the production of documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, and any other applicable privilege or doctrine protecting such documents from disclosure. The production of any document prepared by the plaintiff's attorneys is not a waiver of any privilege. The inclusion of or reference to any attorney's name on any responses is not a waiver of any privilege. Moreover, the documents produced are confidential and may not be disclosed other than to counsel, a party, the court or an expert in this action without order of the Court. Plaintiff, by providing documents in response to these Interrogatories specifically does not admit the competency, relevancy, materiality, privilege and/or admissibility of such document or of the information or subject matter.

Plaintiff has not completed investigating the facts relating to his case, has not completed his discovery, and has not completed preparing his case. Therefore, these responses are preliminary and without prejudice to plaintiff's right to discover and/or produce evidence of additional facts and/or additional evidence of existing facts. Plaintiff has made a good faith effort

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

1

to respond to the Interrogatories, but reserves the right to object to, and to move to have vacated, all of these Interrogatories.

Plaintiff objects to the Interrogatories, and to each individual request and/or interrogatory, to the extent that they seek information that is not within plaintiff's own first-hand knowledge or request the production of documents that are not within plaintiff's possession, custody or control.

Plaintiff further objects to the Interrogatories as overly broad and burdensome and demanding an investigation into matters which are neither relevant to these proceeding nor designed to lead to the discovery of evidence relevant to these proceedings.

Plaintiff does not waive and specifically preserves the following objections:

1. Any and all objections to the competency, relevancy, materiality, privilege and admissibility of the information or the subject matter thereof, as evidence for any purpose and any proceeding in this action (including trial) and in other actions.

2. The right to object on any grounds at any time to demand for further responses or further documents to these or any other discovery requests or other discovery proceedings involved or related to the subject matter of the discovery to which information or documents are provided; and,

3. The right at any time to review, correct, add to, supplement or clarify any of these responses.

These objections are incorporated by reference into any amendment and/or supplement to these interrogatories. Moreover, each of these objections is incorporated by reference into to each specific response without regard to whether an additional objection is made in such response.

Subject to these objections and reservations, plaintiff, by and through his attorneys responds as follows:

**INTERROGATORY ANSWERS**
**For**
**Richard George**

1Q.   State the following:
    (a)   your full name, and all other names by which you have been known;
    (b)   age, and date and place of birth;
    (c)   whether you were an adopted child;
    (d)   present marital status, date of current marriage, spouse's maiden name, date of any prior marriages and the names of any prior spouses, if applicable
    (e)   present home address; and
    (f)   social security number.

1A.   (a)   **Richard George**
    (b)   **80, 10/20/24, Cambria City, PA.**
    (c)   **No.**
    (d)   **Plaintiff married N. Darlene George on May 29, 1948.  This marriage ended when Mrs. George passed away in 1993.**
    (e)   **1719 Kelley Town Road, McDonough, GA.**
    (f)   **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.**

2Q.   State the following with regard to your father and mother:
    (a)   names;
    (b)   current address (if deceased, state last known address);
    (c)   the current condition of each one's health, including any specific medical problems. If either of your parents are deceased, please state for each deceased parent:
        (i)    specific physical problems;
        (ii)   date and place of death;
        (iii)  age and cause of death for each parent.

2A.   **Father:**
    (a)   **Anna George;**
    (b)   **to be provided;**
    (c)   **deceased;**

    **Mother:**
    (a)   **Clarence Gori;**
    (b)   **to be provided;**
    (c)   **deceased;**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

180 MAIDEN LANE
NEW YORK, N.Y. 10038

3

3Q.   State the following with regard to each of your children:
   (a) full name;
   (b) the date of birth;
   (c) sex;
   (d) current address (if deceased, state the last known address)
   (e) social security number;
   (f) whether birth child or adopted child;
   (g) current state of each one's health. If any of your children are deceased, state for each deceased child:
       (i)   specific physical problems;
       (ii)  date and place of death; and
       (iii) age and cause of death for each child.

**3A.**

**I.**
  **(a)**  **Cathy Lynn Cruse.**
  **(b)**  **7/10/50.**
  **(c)**  **Female.**
  **(d)**  **Aiken SC.**
  **(e)**  **Unknown.**
  **(f)**  **Birth.**
  **(g)**  **Good.**

**II.**
  **(a)**  **J. Robin Sawyer.**
  **(b)**  **Unknown.**
  **(c)**  **Female.**
  **(d)**  **McDonough, GA.**
  **(e)**  **Unknown.**
  **(f)**  **Birth.**
  **(g)**  **Good.**

**III.**
  **(a)**  **Jan M. Laeffler.**
  **(b)**  **Unknown.**
  **(c)**  **Female.**
  **(d)**  **Golden, CO.**
  **(e)**  **Unknown.**
  **(f)**  **Birth.**
    **(g)**  **Good.**

4Q.   State the complete address of all places you have resided since birth giving the inclusive dates of residence for each place named and as to each state:
   (a) fuel used for heating and cooking;
   (b) significant home improvements (e.g., additions, reinsulation, re-wiring, etc.);

(c) number of family units co-occupying said structure.

**4A.** **I.** **See response to Interrogatory 1(e)**
**Approx. 2003- present.**
(a) **Elec. heat, electric cooking.**
(b) **None.**
(c) **Private home.**

**II.** **150 Jennifer Ln, , Covington, GA.**
**Approx. 1996-2003.**
(a) **Oil heat, gas cooking.**
(b) **None.**
(c) **Single Family Dwelling.**

**III.** **2969 N. Hampton Drive, New Pt. Richey Fl.**
**1993-1996.**
(a) **Oil heat, gas cooking.**
(b) **None.**
(c) **Single Family Dwelling.**

5Q.    For every physician or other health care provider who ever tested, treated, consulted with or examined you up to and including the present date, for any reason whatsoever, please state the following separately as to each:

(a) name and address of physician or health care provider and, if ongoing; the approximate frequency of said treatment and  services;
(b) date(s) of test, examination and/or treatment;
(c) symptoms complained of at the time, if any;
(d) any diagnosis made;
(e) treatment or examination given and reason for treatment or  examination; and
(f) any drugs or medications prescribed.

5A.    **The plaintiff consulted the following doctors, nurses and health care providers:**

**I.** (a) **Dr. Berea, Atlanta GA.**
(b-f) **See medical records**

**II.** (a) **Dr. Peeples, New Pt. Richey Fl.**
(b-f) **See medical records**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

III.    (a)    **Dr. Gerald Gordon, Aiken SC**
       (b-f)   **see medical records**

6Q.    For every hospital, clinic or health care institution in which you have ever been admitted, treated, tested, or examined, whether as an "in-patient" or as an "out- patient," please state the following for each such visit:

    (a)    name and address of the facility;
    (b)    dates and description of test, treatment, examination or hospitalization and, if ongoing, the approximate frequency of said treatment and services; and
    (c)    reason for visit to the facility.

6A.    **Although it is possible that plaintiff may have been treated or examined in other institutions, at the present time plaintiff is aware of the following institutions and treatment rendered:**

I.    (a)    **VA Hosp. Decatur GA.**
      (b-c)  **See medical records.**

II    (a)    **Med. College of GA.**
     (b-c)  **See medical records.**

III.    (a)    **August VA Med. Ctr., Augusta GA.**
     (b-c)  **See medical records.**

7Q.   State each of your asbestos-related injuries and/or diseases, describe the nature of those symptoms that you contend are related to your asbestos-related condition(s), and state the date when you first experienced each such symptom and the date of diagnosis and the name of any diagnosing physician and, if different, indicate the date you first became aware of the diagnosis.

7A.    **Plaintiff has experienced and is currently experiencing a number of symptoms due to his asbestos-related lung cancer and related surgeries, chemotherapy and radiation including, but not limited to back pain, coughing, severe pain, severe difficulty breathing, sleeplessness, decreased appetite, weight loss, shortness of breath, fatigue, intense mental and emotional distress and all related sequelae. Plaintiff anticipates additional pain and suffering in connection with anticipated chemotherapy, surgery and/or radiation. At this time, plaintiff is unable to state the precise date each of the various symptoms might have first occurred.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

8Q.   Describe any pain, incapacity, inability to lead a normal life, inability to work, or disability (including retirement) alleged to have resulted from your medical conditions), including the date and basis therefore.

8A.   **Plaintiff's back pain, coughing, severe pain, severe difficulty breathing, sleeplessness, decreased appetite, weight loss, shortness of breath, fatigue, intense mental and emotional distress and all related sequelae have rendered him completely unable to lead a normal life.**

9Q.   Have you ever had any biopsies or tissue samples taken?  If so, please state for each such procedure:

(a)   the name of the physician performing such procedure;
(b)   the address where such procedure was performed;
(c)   the date when such procedure was performed; and
(d)   the results, conclusions, and/or diagnosis arising from such procedure.

9A.   **(a-d)   Plaintiff has had biopsies performed at the medical facilities listed in the responses to Interrogatories 5 and 6 but medical records may reflect additional locations.**

10Q.   Have you ever had any chest x-rays, CT Scans and/or pulmonary function tests? If so, state:

(a) the dates and places;
(b) the reasons;
(c) the results and/or diagnosis resulting therefrom;
(d) the location of all chest X-ray films and CT Scans; and
(e) provide appropriate authorization to obtain all X-rays, CT Scans and pulmonary function tests.

10A.   **(a-c)   Plaintiff has had chest x-rays and CT Scans performed at the locations listed in answers 5 and 6, but the medical records may or may not reflect other locations.**

**(d)   X-rays and CT Scans should be in the possession of the respective doctors.**

**(e)   Authorizations provided.**

11.   Have you ever been exposed to, used, inhaled or ingested any of the following substances on a regular basis or at work. If so, state the date(s), place(s), and circumstances thereof.

(a) acids
(b) aluminum
(c) arsenic
(d) barium
(e) beryllium
(f) butanol

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

7

(g) cadmium
(h) carborundum
(i) chloroethylene
(j) chlorine
(k) chromate
(l) chromite
(m) chromium
(n) coal dust (coal)
(o) coal tar
(p) cotton dust
(q) epoxy
(r) ethanol

(s) grinding dust
(t) iron
(u) isocyanates
(v) isopropanol
(w) lead
(x) live chickens
(y) manganese
(z) nickel
(aa) nitrogen dioxide
(ab) nuclear radiation

(ac) ozone
(ad) petroleum distillates
(ae) phosgene
(af) radiation
(ag) silica
(ah) titanium
(ai) toluene
(aj) welding smoke or fumes
(ak) zylene
(al) zinc.

**11A.   (a-al) Plaintiff does not recall being exposed to any of these substances on a regular basis.**

12Q.   Do you use or have you ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, from birth to the present time?  If so, state the following:

> (a) the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco);
> (b) the  dates during which you used each such product;
> (c) the amount of the product used per day, during each period of time (e.g., 2 packs of cigarettes per day);
> (d) whether you have ever been told by a physician that you are or were suffering from any disease or illness caused by or contributed to by tobacco; and
> (e) whether you were ever advised by any physician or any other person that use of tobacco products could adversely affect your health and whether you were ever advised to stop using tobacco products, and if so, identify each physician or person who gave you any such advice, the dates on which the advice was given, and state exactly what, if anything, you did in response to that advice.

**12A.     (a)-(e)  Plaintiff smoked cigarettes from 1942 until the 1980, smoking two or more packs of Lucky Strike and /or Marlboro cigarettes per day.   Plaintiff was advised by Dr. Berea to stop smoking and he did so shortly after such warning.**

13Q.   For each spouse and member of your household, from your birth to the present time, state whether they use or have ever used cigarettes, cigars, pipes, smokeless tobacco, or any other tobacco substance, and if so, state the following:

> (a) the brand and type of tobacco product(s) used (e.g., filter, non-filter, chewing tobacco); and

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

180 MAIDEN LANE
NEW YORK, N.Y. 10038

8

(b) the dates during which they used each such product.

**13A.    (a-b)   Plaintiff's spouse never smoked cigarettes during their marriage.**

14Q.   Do you presently consume or have you in the past consumed alcoholic beverages. If so, state the following:

> (a)    the type of alcoholic beverages consumed;
> (b)    the dates during which you consumed each such alcoholic beverage;
> (c)    the amount of such beverage you consumed each day; and
> (d)    whether you have ever been treated for any illness or disease related to your consumption of alcoholic beverages.

**14A.    (a-d) Plaintiff consumes alcoholic beverages on social/weekend occasions only.**

15Q.   Have you ever been a member of the Armed Forces of the United States?  If so, state the following:

> (a)    the branch of the service, serial number, and highest rank held;
> (b)    the beginning and ending dates of your military service;
> (c)    the type of discharge that you received; and
> (d)    whether you sustained any injuries or incurred any illness during military service.
> (e)    if you received a medical discharge, attach a copy hereto and set forth the medical reasons.

**15A.**
> **(a)    United States Navy, 632-42-48, Machinst's mate.**
> **(b)    12/3/42-1/29/46.**
> **(c)    Honorable.**
> **(d)    No.**
> **(e)    Not applicable.**

16Q.   As to each and every employer (including military service) you have had form the time you were first employed to the present, set forth the following:

> (Use the attached Chart A)

Include on the chart all employers where you have worked, and all job sites , <u>regardless</u> of whether or not you believe you were exposed to asbestos during the employment. Also include the source of any product identification information provided on Chart A.

**16A.   See attached; defendants are also directed to plaintiff's social security**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

printout which is annexed.

17Q.   Please state the following with respect to each Asbestos-Containing Product identified on Chart A:

(a)  the color, dimensions, shape, form, texture, weight, appearance and flexibility of each product;

(b)  the appearance of the package or container indicating the manner of packaging, size, dimensions, color and weight; and

(c)  the name, logo, label, numerical and alphabetical markings and other markings or words including warnings on the product and package or container.

17A.   **(a-c) Plaintiff was exposed to a variety of different asbestos-containing products during his service as a machinist's mate in the United States Navy serving aboard the USS Sylph (PY 12) from 4/43 to 11/44 and the USS Richland (AKA207) from 3/45 to 1/46.  These include asbestos-containing pipecovering, block, cement, cloth, gaskets and packing used in connection with equipment that required, contained and/or specified asbestos such as asbestos-containing turbines, pumps, evaporators, boilers and other equipment on these vessels.  Such products were used in connection with overhauls of such ships, including an overhaul of the Sylph, which occurred in 1944 at the Brooklyn Navy Yard, her home base.  These products were manufactured, distributed, specified, sold and/or contracted for use by parties named as defendants in plaintiff's lawsuit as well as by other companies identified in prior lawsuits that are currently beyond the jurisdiction of this Court due to bankruptcy.**

**Plaintiff was also exposed to asbestos through his work at Thermoid Rubber Co.  in Trenton New Jersey where brake linings, hoses and other parts were lined with asbestos.**

**Upon information and belief, plaintiff may have suffered other exposures at other times and places, and at other employers not detailed herein.**

**Further identification of the defendants' products may be established by various co-workers of the plaintiff.  Additionally, product identification may be established from invoices obtained from the defendant-manufacturers themselves.**

18Q.   If you have retired from your employment, set forth the following:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

10

(a)    whether said retirement was voluntary or involuntary;

(b)    the effective date of said retirement;

(c)    the name of your employer at the time of retirement;

(d)    the reason for your retirement;

(e)    whether your retirement was related to any claimed asbestos-related injury; and

(f)    the amount of pension and/or retirement benefits you are receiving or entitled to receive.

**18A.**    **(a-f)**    **Plaintiff is voluntarily retired for reasons unrelated to asbestos exposure.**

19Q.  State whether you were exposed (either directly, through a co-worker or otherwise), to any Bankrupt Entity's Asbestos-Containing Materials, or products either mined or manufactured, sold, or distributed by a Bankrupt Entity. If so, state the following;

    (a)    As to each and every employer (including military service) you have had from the time you were first employed to the present, set forth the following, concerning Bankrupt Entities' products only:

        i.   Name of employer;

        ii.  Dates of employment;

        iii. Asbestos-related jobsite and address where Bankrupt Entity's products were being used:

        iv. Dates you were at jobsite;

        v.   Job Duties at particular jobsite;

        vi. Bankrupt Entity's asbestos-containing materials or products to which you were exposed;

        vii. Other companies using Bankrupt Entity's asbestos-containing materials or products at the jobsite; and

        viii. Whether you received any warnings with respect to the use of said product and the nature of those warnings.

    (b) If you were exposed to, used, ingested or inhaled any Bankrupt Entity's Asbestos-Containing Products at any time other than in the scope of your employment, state for each such exposure:

        i.   the date, location and circumstances; and

        ii.  the type of product and the name of the manufacturer, distributor, and miner.

**19A.**    **(a-b)**  **See answer to Interrogatory 17.**

20Q.  If you were exposed to, used, ingested or inhaled asbestos or asbestos-containing products at any time other than in the scope of your employment, state for each such exposure:

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

(a)    the date, location and circumstances; and

(b)    the type of product and the name of the manufacturer, distributor, and miner.

**20A.**  **(a-b)  See response to Interrogatory No. 17.**

21Q.  Have you ever been a member of any labor union? If so, state:

(a)    the name and address of each local, national and international labor union;

(b)    the inclusive dates of your membership; and

(c)    any positions you have held with each such labor union, and the dates during which you held such positions.

**21A.**  **No.**

22Q.  State whether you have ever seen or received any information, instruction, direction, warning, or directive, from any source whatsoever, concerning alleged dangers of exposure to asbestos or asbestos-containing products, and if so, identify:

(a)    each such warning, directive, notification, direction, instruction, or information;

(b)    the means by which such was given to you;

(c)    the source and the date on which it was received by you; and

(d)    your response or reaction, including any complaints made or changes in work habits.

**22A.**  **(a-d) Plaintiff was never warned of the harmful effects of exposure to asbestos during the period he was exposed to asbestos.**

23Q.  State whether you had available for use during any period of your employment, respirators or masks or other dust inhalation inhibitor, or protective gear and, if so, state the following:

(a)    the period of time during which said items were available;

(b)    what instructions were given with regard to the use of each of said items;

(c)    whether you used said items and the dates of your use;

(d)    whether you ever requested said items, and, if so, when, where and to whom the request was made, and the response to the request.

**23A.**  **(a-d) Plaintiff does not recall masks being available during the period he was exposed to asbestos.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

180 MAIDEN LANE
NEW YORK, N.Y. 10038

12

24Q.   If you are making a claim for loss of earnings or impairment of earning power because of your medical conditions, state the following:

   (a)   date of commencement of any loss or impairment;

   (b)   the name and address of your employer, your job title and your monthly or weekly rate of pay at the time of the alleged commencement of any loss or impairment;

   (c)   if you had more than one employer during the three year period prior to the date of the commencement of any loss or impairment, as indicated on Chart A, provide your monthly or weekly rate of pay and inclusive dates of such employment during the three year period;

   (d)   your total earnings for the period of three years prior to the commencement of any loss or impairment;

   (e)   the inclusive dates during which you allege that you were unable to work as a result of any loss or impairment and the total amount of pay you claim you lost because of this absence;

   (f)   the date on which any loss or impairment ended; and

   (g)   your monthly or weekly rate of pay which you have received, from the date of any loss or impairment ended through the present time.

**24A.   (a-g) Plaintiff makes no such claim.**

25Q.   Do you claim damages for loss of consortium, society, affection, services, or sexual enjoyment?  If so, please set forth in complete detail all facts on which this claim is based, including a complete description of the loss suffered.

**25A.   No such claim is made.**

26Q.   For each person who is or was partially or totally dependent upon you for financial support and assistance during the last ten years, state:

   (a)   the name, address, sex, age and relationship; and

   (b)   the amounts you contributed during the last ten years for support and assistance.

**26A.   Plaintiff makes no such claim.**

27Q.   State, in the form of an itemized list, all special damages alleged in this lawsuit including, but not limited to, hospital charges, medical charges, medicines, lost wages, etc., naming the person or organization to whom each item of expense was paid or is due, and, if paid, by whom each item of expense was paid.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

**27A.  Plaintiff's counsel is presently coordinating this information, which will be
forwarded upon receipt; defendants are also directed to records received
from RecordTrak.**

28Q.  Identify and give the substance of all written statements, recordings, or videotapes
which relate to the facts of this lawsuit and the damages you claim given by plaintiff or any
witness (provided such information is in plaintiff's possession, custody or control and/or such
statements, recordings or videotapes are not protected by attorney-client privilege) in the
above-captioned matter.

**28A.  Objection.  Unduly broad and vague.  Subject to the objection, Plaintiff
responds as follows:  At this time, plaintiff has no such written statements,
recordings, or video tapes which relate to the facts of this lawsuit, and has no
basis for knowing of any witnesses except for those previously listed.**

29Q.  Have you ever made any claim for, or received any, health or accident insurance
benefits, social security benefits, state or federal benefits for disabilities, workers' compensation
benefits, veterans' benefits, tort claims or suits, Federal Employers Liability Act claims or suits,
Longshoremen and Harbor Workers Act claims or suits, unemployment compensation insurance
benefits, or early payment from any public or private pensions due to disability or your medical
condition?  If so, state the following:

(a)    the date and place where each such claim was made;
(b)    the name and nature of the entity with which the claim was made;
(c)    any identifying number, such as a docket or petition number, for each
         claim;
(d)    the defendant, agency, insurer, employer or other entity to or against whom
         the claim was made and its file number;
(e)    the nature of the claim;
(f)    whether you were examined by a physician and if so, the name and address
         of that physician;
(g)    the result of such claim, including the amount realized by way of
         settlement, judgment or award upon the claim;
(h)    the name and address of any attorney who represented you with regard to
         such claims; and
(i)    whether you are presently receiving such benefits.

**29A.  (a-i) No.**

30.    State the following with regard to your asbestos-related legal action:

(a)    Did you file an asbestos-related claim in more than one (1) jurisdiction;
(b)    Identify all of the jurisdiction(s) where an asbestos-related claim has been

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

filed (whether or not these claims have been dismissed or discontinued or otherwise resolved) on your behalf;

(c)    Did you file your asbestos-related claim(s) under more than one (1) Index Number; and

(d)    Provide all of the Index Numbers for all of your asbestos-related claim(s), including all multiple Index Numbers for claims filed in New York County.

**30A.   (a-d).  See caption.**

31Q.   State whether or not you have made, filed, or submitted a Claim Against Bankrupt Entity or received funds in settlement from a Bankrupt Entity.  If so, for each claim state the following:

(a)  the date and place where each such claim was made;

(b)  the name and nature of the entity with which the claim was made;

(c)  any identifying number, such as a docket or petition number, for each claim;

(d)  the defendant, agency, insurer, employer or other entity to or against whom the claim was made and its file number;

(e)  the nature of the claim;

(f)  whether you were examined by a physician and if so, the name and address of that physician; and

(g)  whether you received any compensation as a result of such claim, but not the amount.

**31A.   (a-g) No.**

32Q.   State whether you have applied to any Bankrupt Entity or Bankruptcy Court to lift the stay as to your claim or otherwise have attempted to join a Bankrupt Entity to this action.

**32A.   No.**

33Q.   Have you or your spouse ever been a party to or a witness in any lawsuit, court or administrative proceeding?  If so, please state:

(a)  whether you or your spouse were a party or witness and if party, whether plaintiff or defendant;

(b)  the precise name of the lawsuit or proceeding, the court agency in which it was brought and the docket number;

(c)  the nature of the charges or claims and, if you or your spouse were a witness, the subject matter of the testimony; and

(d)      the disposition of the case.

**33A.   No.**

34Q.   Have you or your spouse filed a claim seeking compensation for any alleged asbestos-related condition from any entity, including settlement trusts?  Specify "Yes" or "No" only.

**34Q.   Yes.**

35Q.   Identify all entities, whether or not parties to this lawsuit, with whom you have settled or agreed to settle this lawsuit.

**35A.   None.**

36Q.   Identify all persons, other than your attorneys, who provided you with any information used in answering these interrogatories, and state the particular information each person supplied.

**36A.   Myself.**

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Section VIII (B)(2)(b) of the CMO, the defendants request that plaintiffs produce for inspection and copying, the documents and things identified below. The documents and things identified herein shall be produced for inspection and copying at such time as the answers to the interrogatories herein are filed. The following requests include, but are not limited to, documents that relate to Bankrupt Entities.

You are hereby requested to produce the following documents and things:

1.    All documents identified in your answers to these interrogatories.

> **R.1.    All the documents in our possession are attached.**

2.    All documents relating to the plaintiff's job qualifications and professional licenses held.

> **R.2.    To the extent that any exist, they will be provided.**

3.    All documents relating to the plaintiff's membership in any labor trade association or professional organization.

> **R.3.    To the extent that any exist, they will be provided.**

4.    All documents relating to the plaintiff's military or foreign service, including and not limited to, personnel records, discharge papers, military occupational specialty qualification, promotions, reductions or disciplinary actions.

> **R.4.    To the extent that there are an available, RecordTrak has been provided with a duly executed authorization.**

5.    All documents relating to any claim or demand ever made by the plaintiff or the plaintiff's decedent for damages, compensation or other benefits allegedly resulting from any illness or injury, including but not limited to, Claims Against Bankrupt Entities, Industrial Accident Board records, social security disability claim records, federal or state employment compensation claim records, social disability records, pension claim record or any other health or accident insurance claim records.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

17

**R.(g)   To the extent that any exist, they will be provided.**

6.   All documents in the plaintiff's possession. custody or control relating in any way to the plaintiff's exposure or possible exposure to asbestos, asbestos-containing products and/or asbestos-containing materials.

**R.6.   Objection, attorney/client privilege; to the extent that this request does not invade such privileges, Plaintiff does not have any such material.**

7.   All documents relating in any way to the plaintiff's exposure or possible exposure to silica, acids, beryllium, nuclear radiation, ammonia, cadmium, chlorine, chromates, phosgene, grinding dust, coal dust, cotton dust, nickel, welding smoke or fumes.

**R.7.   Plaintiff does not have any responsive documents.**

8.   All documents, of which you have ever become aware, relating in any way to warnings, potential health hazards, instructions or precautions regarding the use or handling of, or exposure to, asbestos, asbestos-containing products, and/or asbestos-containing materials.

**R.8.   To the extent that there are any available, RecordTrak has been provided with a duly executed authorization.**

9.   All applications prepared or submitted by or on behalf of the plaintiff for life insurance, medical insurance, health and accident insurance, and/or disability insurance.

**R.9.   Plaintiff does not have any responsive documents.**

10.   All statements, recorded interviews, films, videotapes, reports, questionnaires, forms or other documents made, submitted, compiled, prepared or filled out by, on behalf of, or under the direction of, plaintiff relating in any way to exposure or alleged exposure to asbestos, asbestos-containing products and/or asbestos-containing materials or any other issues relating to this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including the date made), but need not be produced without any order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

**R.10.  Objection.  Attorney/client privilege; work product privilege.  To the extent that this request does not invade any such privilege, plaintiff does not have any such material.**

11.  All records relating to comments, complaints, suggestions, or proposals made to your employer or your union, by yourself or by other employees or union members regarding asbestos exposure.

**R.11.  Plaintiff does not have any responsive documents.**

12.  All written, recorded, filmed, transcribed or videotaped statements of all parties and non-party declarants pertaining to the subject of this lawsuit, except that information prepared by, for, or at the request of plaintiff's counsel must be identified (including he date made), but need not be produced without an order by the Court, provided that written or recorded communication between plaintiff and counsel, made after an attorney-client relationship has been established need not be produced or identified.

**R.12.  Objection.  Attorney/client privilege; work product privilege.  To the extent that this request does not invade any such privilege, Plaintiff does not have any such material.**

13.  All photographs of the plaintiff at work or in work clothes and all photographs of all products or conditions complained of in the plaintiff's place of employment.

**R.13.  To the extent that they exist, they will be provided.**

14.  Copies of all itemized bills covering all the special damages and losses and expenses claimed in this matter.

**R.14.  To be provided; Defendants are also directed to RecordTrak.**

15.  Copies of all reports, correspondence and records from any doctor who has examined the plaintiff, any hospital where plaintiff has been treated either as an inpatient or as an outpatient, except for any reports, records, correspondence, or communications issued by any consulting physicians who have been retained or specially employed in anticipation of litigation or preparation for trial and who are not expected to be called as a witness at trial.

**R.15.  RecordTrak has authorizations for all available medical records.**

16.   All tissue specimens, tissue slides, and x-ray films  pertaining to the plaintiff.

**R.16.   RecordTrak has authorizations for all available medical records.**

17.   Copies of plaintiff's income tax records for the last ten years as well as any other documents, including economic loss  reports, upon which plaintiff relies in support of his claims.  If loss of earnings or earning capacity is alleged or claimed to have occurred before the current year, include copies of the income tax returns of the plaintiff from ten years prior to the claimed loss and up to the current tax year.

**R.17.   RecordTrak has authorizations for all available income tax records.**

18.   Any asbestos and/or asbestos-containing products of the type to which the plaintiff alleges exposure which the plaintiff has in his possession, custody or control.

**R.18.   To the extent that any exist, they will be provided.**

19.   All photographs, charts, drawings, diagrams or other  graphic representations depicting work conditions at work sites where plaintiff claims he was exposed to asbestos or asbestos-containing products.
**R.19.   To the extent that any exist, they will be provided.**

20.   All invoices, bills, statements and any other writings or records which plaintiff contends evidence the sale of any products containing asbestos to the place of plaintiff's employment at which plaintiff claims that he was exposed to asbestos.

**R.20.   To the extent that any exist, they will be provided.**

21.     Any written advice, publication, warnings, order, directive, requirement, or recommendation, which advised or warned of the possible harmful effects of exposure to or inhalation of asbestos or asbestos-containing products in the possession, custody or control of the plaintiff.

**R.21.   Plaintiff has no responsive documents in his possession.**

22.     Any accident or incident reports which relate to the facts, circumstances or incidents which form the basis of plaintiff's complaint.

**R.22.   To the extent that any exist, they will be provided.**

Dated: New York, New York
            11/3, 2004

Respectfully submitted

WEITZ & LUXENBERG, P.C.
Attorneys for Plaintiff

By: _____
Chris Romanelli, Esq.
180 Maiden Lane
New York, NY 10038
(212) 558-5500

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

21

## EXHIBIT A

Bankrupt Entity includes, without limitation: UNR Industries, Inc., Johns-Manville Co., Amatex Corp., Waterman Steamship Corp., Wallace & Gale Co., Forty-Eight Insulations, Inc., PACOR, Prudential Lines, Inc., Standard Insulations, Inc., US Lines, Nicolet, Inc., Gatke Corp., Chemetron Corp., Raytech, Delaware Insulations, Celotex Corp., Hillsborough Holdings, National Gypsum Co., Standard Asbestos Mfg. & Insul., Eagle-Picher, H.K. Porter Co., Cassiar Mines, Keene Corp., American Shipbuilding, Inc., Lykes Brothers Steamship, Rock Wool Mfg., SGL Carbon, M.H. Detrick, Brunswick Fabricators, Fuller-Austin Insul., Harnischfeger Corp., Joy Technologies, Rutland Fire & Clay, Babcock & Wilcox, Pittsburgh Corning, Burns & Roe Enterprises, E.J. Bartells, Owens Corning, Armstrong World Industries, G-1 Holdings (GAF Corp.), W.R. Grace, Skinner Engine Co., USG (US Gypsum) Corp., Federal Mogul, Eastco Industrial Safety Corp., Washington Group Int'l, Inc., Bethlehem Steel, North American Refractories, Kaiser Aluminum, Plibrico Refractories, Porter-Hayden, American Club, Huxley Development Corp., Harbison-Walker Refractories Co., Continental Producers Corp., A.P. Green Indus., Shook & Fletcher, Atra Group, Inc. (Synkoloid), and ACandS, Inc; C.E. Thurston.

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.
180 MAIDEN LANE
NEW YORK, N.Y. 10038

LAW OFFICES
OF
WEITZ
&
LUXENBERG, P.C.

180 MAIDEN LANE
NEW YORK, N.Y. 10038

## CHART A

### Richard George

| Name of employer | Dates of employment | Asbestos-related jobsite and address | Dates you were at jobsite | Job duties | ACM* used personally, by coworkers on site and to which you were otherwise exposed | Other workers on jobsite including supervisor | ACM identified by such other workers | Other companies using ACM at jobsite | Other workers on jobsite Including supervisor |
|---|---|---|---|---|---|---|---|---|---|
| United States Navy | 1942-1946 | See response to Interrogatory No. 17. | 1942-1946 | Machinist's mate | See response to Interrogatory No. 17. | To be provided. | To be provided. | To be provided. | To be provided. |
| Thermoid Rubber Co., Trenton, NJ | 1950-1953 | See response to Interrogatory No. 17. | 1950-1953 | Shift Foreman. | See response to Interrogatory No. 17. | See response to Interrogatory No. 17. | To be provided. | To be provided. | To be provided. |
| For additional employers, see plaintiff's SSI printout. | See SSI printout. | See response to Interrogatory No. 17. | See SSI printout. | See SSI printout. | See response to Interrogatory No. 17. | To be provided. | To be provided. | To be provided. | To be provided. |

23

# Richard A. George Service Rider

JULIE EVANS, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
150 EAST 42ND STREET
NEW YORK, NY 10017-5639
PHONE # (212) 490-3000
FAX # (212) 490-3038
**COUNSEL FOR A.W. CHESTERTON CO.**

JUDITH YAVITZ, ESQ.
ANDERSON, KILL, OLICK & OSHINSKY
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020-1000
PHONE # (212) 278-1000
FAX # (212) 278-1733
**COUNSEL FOR AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG CO., n/k/a BAYER CROPSCIENCE INC., CERTAIN TEED CORPORATION, DANA CORPORATION,  AND UNION CARBIDE CORP.**

THEODORE EDER, ESQ.
SEGAL McCAMBRIDGE SINGER & MAHONEY
805 3RD AVENUE
NEW YORK, NY 10022
PHONE # (212) 918-4540
FAX # (212) 912-3667
**COUNSEL FOR ANCHOR PACKING CO., AND GARLOCK SEALING TECHNOLOGIES LLC f/k/a GARLOCK, INC.**

LAWRENCE MCGIVNEY, ESQ.
MCGIVNEY, KLUGER & GANNON, P.C.
80 BROAD ST., 23RD FLOOR
NEW YORK, NY 10004
PHONE  212 509-3456
FAX  212 509-4420
**COUNSEL FOR ARMSTRONG PUMPS, INC., H.B. FULLER CO.,  AND PATTERSON PUMP CO.**

DAVID SCHAEFER, ESQ.
WILLIAM BRADLEY, ESQ.
CORI L. LEAVITT, ESQ.
JOSEPH CARLISLE, ESQ.
MARY ELLEN CONNOR, ESQ.
MALABY, CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
**COUNSEL FOR AQUA-CHEM, INC., AURORA PUMP CO., CLEAVER BROOKS CO., INC., PREMIER REFRACTORIES, INC., f/k/a ADIENCE/BMI in care of SPECIAL CLAIMS, FOSTER WHEELER, L.L.C., SEARS-ROEBUCK CO., WARREN PUMPS, INC., WEIL-MCLAIN, a division of THE MARLEY, AND VIACOM INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORP.**

BARRY M .KARSON, ESQ.
BALLON STOLL BADER & NADLER, P.C.
1450 BROADWAY, 14TH FLOOR
NEW YORK, NY 10018
PHONE # (212) 575-7900
FAX # (212) 764-5060
**COUNSEL FOR ATLAS VALVE CO.**

YVETTE HARMON, ESQ.
MCGUIRE WOODS LLP
1345 AVENUE OF THE AMERICAS, 7TH FLOOR
NEW YORK, NY 10105
PHONE # (212) 548-2100
FAX # (212) 548-2150
**COUNSEL FOR BELL & GOSSETT CO.**

ART BROMBERG, ESQ.
L'ABBATE, BALKAN, COLAVITA & CONTINI
7 REGENT STREET, SUITE 711
LIVINGSTON, NJ  07039
PHONE # (973) 422-0422
FAX # (973) 422-0420
**COUNSEL FOR BMCE, INC. f/k/a UNITED CENTRIFUGAL PUMP**

ANNA DILONARDO, ESQ.
L'ABBATE, BALKAN, COLAVITA & CONTINI
1050 FRANKLIN AVENUE
GARDEN CITY, NY 11530
PHONE # (516) 294-8844
FAX # (516) 294-8202
COUNSEL FOR BORG-WARNER COPR., n/k/a BURNS INTERNATIONAL SERVICES CORP., AND BYRON JACKSON PUMPS

EDWARD WILBRAHAM, ESQ./ JOHN HOWARTH, ESQ.
WILBRAHAM, LAWLER & BUBA
1818 MARKET STREET, SUITE 3100
PHILADELPHIA, PA 19103
PHONE # (215) 564-4141
FAX # (215) 564-4385
COUNSEL FOR BUFFALO PUMPS, INC.

JOHN J. FANNING, ESQ.
CULLEN & DYKMAN
177 MONTAGUE STREET
BROOKLYN, NY 11201
PHONE # (718) 855-9000
FAX # (718) 935-1509
COUNSEL FOR BURNHAM, LLC as successor to BURNHAM CORP., AND GOULDS PUMPS, INC.

FRANK A CECERE, ESQ.
AHMUTY, DEMERS & MCMANUS
200 I.U. WILLETS ROAD
ALBERTSON, NY 11507
PHONE # (516) 294-5433
FAX # (516) 625-4712
COUNSEL FOR CARRIER CORP., as successor in interest to BRYANT HEATING & COOLING SYSTEMS

ANDREW SAPON, ESQ.
BIVONA & COHEN, P.C.
88 PINE STREET
NEW YORK, NY 10005
PHONE # (212) 363-3100
FAX # (212) 363-9824
COUNSEL FOR COMPUDYNE CORPORATION, successor to YORK SHIPLEY, INC.

CYNTHIA WEISS ANTONUCCI, ESQ.
HARRIS, BEACH LLP
805 THIRD AVENUE, 20TH FLOOR
NEW YORK, NY 10022
PHONE # (212) 687-0100
FAX # (212) 687-0659
COUNSEL FOR CRANE, CO.

JOHN J. KOT, ESQ.
WATERS, MCPHERSON & MCNEIL
300 LIGHTING WAY, 7TH FLOOR
SECAUCUS, NJ 07096
PHONE # (201) 863-4400
FAX # (201) 863-2866
COUNSEL FOR DB RILEY, INC.

WILLIAM MUELLER, ESQ.
CLEMENTE, DICKSON & MUELLER
218 RIDGEDALE AVENUE
MORRISTOWN, NJ 07961
PHONE # (973) 455-8008
FAX # (973) 455-8118
COUNSEL FOR DURABLA MANUFACTURING COMPANY

WILLIAM GALLAGHER, ESQ./RACHEL FLEMING-CAMPBELL, ESQ
MCMAHON, MARTINE & GALLAGHER
90 BROAD STREET
NEW YORK, NY 10004
PHONE # (212) 747-1230
FAX # (212) 747-1239
COUNSEL FOR EASTERN REFRACTORIES CO., INC.

STEVE KEVELSON, ESQ.
ONE COZINE AVENUE
BROOKLYN, NY  11201
PHONE # (718) 649-4900
FAX # (718) 649-4902
COUNSEL FOR EMPIRE ACE INSULATION MFG. CORP.

CHARLES S. BIERNER, ESQ.
WOLF, BLOCK, SCHORR & SOLIS-COHEN, LLP
250 PARK AVENUE
NEW YORK, NY 10177
PHONE # (212) 986-1116
FAX # (212) 986-0604
COUNSEL OF FEDERAL PUMP CORPORATION

DAVID SCHAEFER, ESQ.
MALABY CARLISLE & BRADLEY
150 BROADWAY, SUITE 600
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
COUNSEL FOR FOSTER WHEELER, L.L.C.

MICHAEL A. TANENBAUM, ESQ.
SEDWICK, DETERT, MORAN & ARNOLD LLP
THREE GATEWAY CENTER, 12th FLOOR
NEWARK, NJ 07102-5311
PHONE: (973) 242-0002
FAX:: (973) 242-8099
COUNSEL FOR GENERAL ELECTRIC CO.

STEPHANIE L. ROBBINS, ESQ.
FRANCIS F. QUINN, ESQ.
LAVIN, COLEMAN, O'NEIL RICCI, FINARELLI & GRAY
420 LEXINGTON AVENUE, SUITE 2900
GRAYBAR BUILDING
NEW YORK, NY 10170
PHONE # (212) 319-6898
FAX # (212) 319-6932
COUNSEL FOR GENERAL MOTORS CORP.

CATHI A. HESSION, ESQ./ JASON T. COHEN, ESQ.
FLEMMING, ZULACK & WILLIAMSON, LLP
ONE LIBERTY PLAZA
NEW YORK, NY 10006
PHONE # (212) 412-9500
FAX # (212) 964-9200
COUNSEL FOR GOODYEAR TIRE & RUBBER CO.

JOSEPH COLAO, ESQ./HELEN CHUNG, ESQ.
LEADER & BERKON LLP
630 3RD AVENUE, 17TH FLOOR
NEW YORK, NY 10017
PHONE # (212) 486-2400
FAX # (212) 486-3099
COUNSEL FOR IMO INDUSTRIES, INC.

LISA M. PASCARELLA, ESQ./STEPHANIE A. DIVITA, ESQ.
PEHLIVANIAN & BRAATEN, LLC
2430 ROUTE 34
MANASQUAN, NJ 08736
PHONE # (732) 528-8888
FAX # (732) 528-4445
COUNSEL FOR INGERSOLL-RAND CO.

JOSEPH CARLISLE, ESQ.
MALABY, CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
COUNSEL FOR J.H. FRANCE REFRACTORIES CO.

PAUL A. SCRUDATO, ESQ.
SCHIFF HARDIN & WAITE
623 FIFTH AVENUE, SUITE 2800
NEW YORK, NY 10022
PHONE # (212) 753-5000
FAX # (212) 753-5044
COUNSEL FOR OWENS-ILLINOIS, INC.

LINDA YASSKY, ESQ.
SONNENSCHEIN NATH & ROSENTHAL
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
PHONE # (212) 398-5297
FAX # (212) 398-5245
COUNSEL FOR RAPID AMERICAN CORPORATION

ANNA DILONARDO, ESQ.
L'ABBATE, BALKAN, COLAVITA & CONTINI
1050 FRANKLIN AVENUE
GARDEN CITY, NY  11530
PHONE # (516) 294-8844
FAX # (516) 294-8202
COUNSEL FOR ROBERT A. KEASBEY CO.


ATLANTIC STEEL BOILER CORPORATION
22ND STREET & WASHINGTON AVENUE
PHILADELPHIA, PA 19147

CLAYTON INDUSTRIES, INC.
400 GIDNEY AVENUE
NEWBURGH, NY 12550

THE BETHLEHEM CORPORATION, f/k/a THE FEDERAL BOILER COMPANY
25TH AND LENNOX STREETS
EASTON, PA 18045