UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
KENNETH ALTON SMITH, JR. and CHERYL                          :
SMITH,                                                       :
                                                             :
                              Plaintiffs,                    :
                                                             :           08 Civ. 7219 (GEL)
          -v.-                                               :
                                                             :           **OPINION AND ORDER**
ANCHOR PACKING COMPANY et al.,                               :
                                                             :
                              Defendants.                    :
                                                             :
-------------------------------------------------------------x

Alani Golanski, Weitz & Luxenberg, P.C., New York,
NY, for plaintiffs Kenneth Alson Smith and Cheryl
Smith.

Scott R. Emery, Lynch Daskal Emery LLP, New York,
NY, for defendants The Goodyear Tire & Rubber Co.
and Goodyear Canada Inc.

GERARD E. LYNCH, District Judge:

Plaintiffs brought this action in the New York State Supreme Court for New York

County, charging that plaintiff Kenneth Smith was injured by asbestos to which he was exposed

while serving in the Navy. The action was removed to this Court pursuant to 28 U.S.C. §§

1442(a)(1) and 1446 by defendant Viad Corp. ("Viad"), which asserted that it acted under the

authority of a federal agency, the Navy. Following removal, plaintiffs agreed to dismiss their

claims against Viad with prejudice, and submitted a stipulation to that effect, which was

so-ordered by this Court. Plaintiffs then moved to remand the case to state court, as the only

defendant that had asserted a federal defense or sought to remove the case had now been

dismissed. Defendants The Goodyear Tire & Rubber Company and Goodyear Canada, Inc.

(together, "Goodyear"), oppose the motion to remand, arguing that dismissal was improper

without its consent, as it had asserted a cross-claim against Viad before the dismissal. Plaintiffs' motion to remand will be granted.

The situation here is analogous to that addressed by the Supreme Court in Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988). There, the district court remanded an employment discrimination case to state court after the plaintiffs amended their complaint to delete their sole federal claim, leaving only state law claims over which the court had pendent jurisdiction. Id. at 346. The Court held that where the sole basis for federal jurisdiction had been eliminated, the "district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." Id. at 357.

Here, as in Carnegie-Mellon, the only federal claim or defense supporting jurisdiction was eliminated after removal. The cases are not on all fours. Carnegie-Mellon concerned pendent state-law claims over which the district court's jurisdiction after dismissal of the federal claim was discretionary. Id. at 355-56. The case is nevertheless strikingly similar. As in Carnegie-Mellon, where the single federal claim that conferred federal jurisdiction and permitted removal was dropped by the plaintiffs shortly after removal, the sole basis here for the removal of an action that otherwise raises only state-law claims and state-law defenses was a single federal defense, proffered by a single defendant out of nearly twenty sued by plaintiffs, that disappeared from the case within weeks of removal by reason of the dismissal of the plaintiffs' claims against that defendant. There is simply no remaining basis on which this case may be entertained by a federal court.

Contrary to Goodyear's contention, the case is not analogous to St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938), in which the Supreme Court established the foundational principle that a properly removed diversity action may not be remanded when it later becomes apparent that the amount of damages the plaintiff could obtain was less than the jurisdictional amount. Such a case is properly removed on the basis of the plaintiff's complaint. Here, plaintiffs pleaded a case over which the federal courts had no jurisdiction, and the case was removed on the initiative of a single defendant who asserted a defense that it claimed it was entitled to have heard in federal court. Plaintiffs' dismissal of that defendant eliminates the sole basis for federal jurisdiction.[1]

As a leading treatise puts it, courts have frequently recognized that

> [s]ince Section 1442(a)(1) authorizes removal of the entire case, even though only one of its controversies might involve a federal officer or agency, the section creates a species of statutorily mandated ancillary subject matter jurisdiction over the claims outside its ambit. Also, the district court can exercise its discretion and decline jurisdiction over the ancillary claims once the federal agency has dropped out of the case.

14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3727 at 171 (2008). Although the commentators cite some case law to the contrary, see, e.g., Mangold v. Analytic Servs., Inc., 77 F.3d 1442, 1453 (4th Cir. 1996), the better rule is that the district court should have discretion to "[r]emand[] the remainder of the litigation once the issue

---

[1] The case is even further removed from Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336 (1976). There, the district court remanded a case over which it had diversity jurisdiction, simply because it believed the case could be more efficiently heard in state court. As the Supreme Court noted in Carnegie-Mellon, in Thermtron, "[t]he court had diversity jurisdiction over the case, which is not discretionary." 484 U.S. at 356. The district court thus lacked any power to remove the case from its docket or reassign it to another court.

concerning the federal officer has been adjudicated when the case has not proceeded so far in the

district court as to make remand an inefficient use of resources," since that is "another way the

federal courts can express concerns for states' rights and limit their interference in matters of

state interest." Wright, Miller & Cooper, supra, § 3727 at 172. See generally id. at 171-73.

Although the Second Circuit has not expressly approved remand of a case in these

precise circumstances, it has recognized that the retention of jurisdiction in this situation is

discretionary. In Parker v. Della Rocco, 252 F.3d 663 (2d Cir. 2001), the Court affirmed a

judgment entered against non-federal defendants in a removal case, after the federal defendant

had been dismissed. Rejecting the argument that the dismissal of the federal defendant deprived

the court of jurisdiction, the Court held:

> The district court's analysis of its supplemental jurisdiction was
> correct. Because the district court properly exercised removal
> jurisdiction over the claims against HUD, see Mizuna, Ltd. v.
> Crossland Fed. Sav. Bank, 90 F.3d 650, 655 (2d Cir. 1996) (noting
> that "the initial sufficiency of the grounds for removal" is prior to
> the question of whether supplemental jurisdiction survives the
> "post-removal dismissal of all claims against the federal
> defendant"), these claims provided the basis for supplemental
> jurisdiction over the other claims, which were plainly part of the
> same controversy. And "[w]hen [HUD] was dropped from the
> case, the district court still had the *power* under 28 U.S.C. § 1367
> to exercise supplemental jurisdiction over the other claims."
> Mizuna, 90 F.3d at 657. This is, of course, consistent with the
> general rule that "the district court may, at its discretion, exercise
> supplemental jurisdiction over state law claims even where it has
> dismissed all claims over which it had original jurisdiction, [even
> though] it cannot exercise supplemental jurisdiction unless there is
> first a proper basis for original federal jurisdiction." Nowak v.
> Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.
> 1996).

Id. at 665-66. In holding that the district court there acted "within its discretion" in retaining

jurisdiction over the case, and in citing Carnegie-Mellon as providing the standard for the district

4

court to apply, id. at 666-67, the Circuit clearly recognized that district courts have discretion *not* to retain jurisdiction in these circumstances.

Here, "values of judicial economy, convenience, fairness, and comity," Carnegie-Mellon, 484 U.S. at 350, clearly warrant remand. The federal defense asserted by Viad was in any event, for the reasons advanced by plaintiffs, somewhat dubious, and the sole defendant asserting it was dismissed by consent before this Court had invested any resources in the case, and all that remain in the case are state-law claims and state-law defenses. Nor is this, as Goodyear would have it, a case in which the plaintiffs have engaged in "manipulative tactics." See Carnegie-Mellon, 484 U.S. at 357. Plaintiffs have always sought to bring their case in state court, asserting only state claims and legitimately avoiding diversity jurisdiction. There is nothing manipulative about dropping a party that has asserted a federal defense.

Finally, Goodyear has no basis to challenge the dismissal of Viad from the case. Nothing in Fed. R. Civ. P. 41 prevents a plaintiff from dismissing his claims against a defendant, with prejudice and with the permission of the Court. Goodyear points to Rule 41(a)(2)'s provision that if "a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication," and notes that it had asserted a cross-claim against Viad. But as Chief Judge Wood has pointed out, that provision applies only to counterclaims, not to cross-claims. Country-Wide Produce, Inc. v. H. Sacks & Sons, Inc., No. 88 Civ. 408 (KMW), 1992 WL 369928, at *1 (S.D.N.Y. Nov. 25, 1992). Plaintiffs had every right to settle their dispute with Viad, without respect to Goodyear's generalized claim for contribution and indemnification against the other defendants.

Accordingly, for the reasons stated, plaintiffs' motion to remand is granted.

SO ORDERED.

Dated: New York, New York
        November 10, 2008

                                              GERARD E. LYNCH
                                              United States District Judge