*No certificat of Service*

IN THE UNITED STATES CLAIMS COURT

GAF CORPORATION,               )
                               )
              Plaintiff,       )
                               )
       v.                      )        Civil No. 287-83-C
                               )
THE UNITED STATES OF AMERICA,  )
                               )
              Defendant.       )
_____)

### DEFENDANT UNITED STATES OF AMERICA'S PARTIAL RESPONSE TO PLAINTIFF GAF CORPORATION'S FIRST REQUESTS FOR ADMISSION AND INTERROGATORIES

Defendant United States of America hereby partially responds to Plaintiff GAF Corporation's First Set of Requests for Admission and Interrogatories. As agreed upon by GAF Corporation and the United States, the United States is not responding to Plaintiff's First Requests for Production at this time.

### General Objections and Limitations

The United States objects to Plaintiff's interrogatories in their entirety to the extent they seek to expand the duties of the responding party beyond those imposed by the Federal Rules of Civil Procedure.

Several of Plaintiff's interrogatories are objectionable in that they request information that is not within the custody or control of the United States. For example, many of the interrogatories request information pertaining to govern-

**Interrogatory No. 102:**

If your Response to Request for Admission No. 102 is anything other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 102; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 102; and (c) identify each document upon which you base your Response to Request for Admission No. 102.

**Response.**

See response to Interrogatory No. 25.

**Request for Admission No. 103:**

Defendant's Specification MIL-STD-129 prescribed the exclusive manner of marking containers for shipment and storage when products were purchased by the defendant pursuant to contracts, purchase orders or other specifications which required conformance with defendant's Specification MIL-STD-129.

**Response.**

To the extent this Request for Admission calls for a legal conclusion, the United States objects on the grounds that it is not required to give such a conclusion. Without waiving this objection, MIL-STD-129 speaks for itself, and the United States denies this request.

**Interrogatory No. 103:**

If your Response to Request for Admission No. 103 is anything other than an unqualified admission: (a) state



in detail the basis for your Response to Request for Admission
No. 103; (b) identify each person who possesses knowledge
upon which you base your Response to Request for Admission
No. 103; and (c) identify each document upon which you base
your Response to Request for Admission No. 103.

Response.

(a)  To the extent this Interrogatory calls for a legal con-
clusion, the United States objects on the grounds that it is not
required to give such a conclusion.  Without waiving this objec-
tion, the United States asserts that MIL-STD-129 speaks for
itself.  Without limitation the United States cites the "Devia-
tions" and "Unauthorized Markings" paragraphs of the "General
Requirements" of this standard.  These paragraphs allowed for
deviations from the standard, if necessary, with instructions
from the cognizant activity and for markings other than those
specified in the standard, if authorized by the cognizant activity
or required by regulation or statute.

(b)  At the present time, the United States is without suf-
ficient information or knowledge to respond.

(c)  MIL-STD-129.  The United States will make copies of this
specification available to plaintiff upon reasonable request.

Request for Admission No. 104:

All specifications, contracts, and purchase orders entered
into by plaintiff with the defendant required conformance with
defendant's Specification MIL-STD-129, its predecessor and super-
seding specifications.

-124-

Response.

The United States objects to this request on the grounds that is is overly broad and unduly burdensome.  Without waiving this objection, the United States is without suf-ficient information to admit or deny.

Interrogatory No. 104:

If your Response to Request for Admission No. 104 is anything other than an unqualified admission:  (a) state in detail the basis for your Response to Request for Admission No. 104; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 104; and (c) identify each document upon which you base your Response to Request for Admission No. 104.

Response.

See response to Interrogatory Nos. 24 and 103.

Request for Admission No. 105:

Plaintiff's products that were purchased by defendant pursuant to contracts, purchase orders and specifications, conformed to defendant's Specification MIL-STD-129.

Response.

See response to Requests for Admission No. 25 and No. 103.

Interrogatory No. 105:

If your Response to Request for Admission No. 105 is anything other than an unqualified admission:  (a) state

in detail the basis for your Response to Request for Admission No. 105; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 105; and (c) identify each document upon which you base your Response to Request for Admission No. 105.

Response.

See response to Interrogatories No. 25 and No. 103.

Request for Admission No. 106:

At no time prior to 1964 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

To the extent this Request calls for a legal conclusion, the United States objects on the grounds that it is not required to give such a conclusion. Without waiving this objection, MIL-STD-129 speaks for itself, and the United States denies.

Interrogatory No. 106:

If your Response to Request for Admission No. 105 is anything other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 105; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 105; and (c) identify each document upon which you base

-126-

your Response to Request for Admission No. 106.

Response.

    See response to Interrogatory No. 103.

Request for Admission No. 107:

    At no time prior to 1965 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

    See response to Request for Admission No. 106.

Interrogatory No. 107:

    If your Response to Request for Admission No. 107 is anything other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 107; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 107; and (c) identify each document upon which you base your Response to Request for Admission No. 107.

Response.

    See response to Interrogatory No. 103.

Request for Admission No. 108:

    At no time prior to 1966 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the

-127-

placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dusts.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 108:

If your Response to Request for Admission No. 108 is anything other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 108; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 108; and (c) identify each document upon which you base your Response to Request for Admission No. 108.

Response.

See response to Interrogatory 103.

Request for Admission No. 109:

At no time prior to 1967 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards knwon to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 109:

If your Response to Request for Admission No. 109 is any-thing other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 109; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 109; and (c) identify each document upon which you base your Response to Request for Admission No. 109.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 110:

At no time prior to 1968 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the haz-ards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 110:

If your Response to Request for Admission No. 110 is any-thing other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 110; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 110; and (c) identify each document upon which you base your Response to Request for Admission No. 110.

-129-

Response.

See response to Interrogatory No. 103.

Request for Admission No. 112:

At no time prior to 1969 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 112:

If your Response to Request for Admission No. 112 is anything other than an unqualified admission:  (a) state in detail the basis for your Response to Request for Admission No. 112; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 112; and (c) identify each document upon which you base your Response to Request for Admission No. 112.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 113:

At no time prior to 1970 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit

the placement by plaintiff of a label or marking concerning
the hazards known to defendant regarding exposure to asbestos
dust.

Response.

    See response to Request for Admission No. 106.

Interrogatory No. 113:

    If your Response to Request for Admission No. 113 is any-
thing other than an unqualified admission:  (a) state in detail
the basis for your Response to Request for Admission No. 113;
(b) identify each person who possesses knowledge upon which
you base your Response to Request for Admission No. 113; and
(c) identify each document upon which you base your Response
to Request for Admission No. 113.

Response.

    See response to Interrogatory No. 103.

Request for Admission No. 114:

    At no time prior to 1971 did the defendant's Specifica-
tion for Marking for Shipment and Storage (MIL-STD-129) permit
the placement by plaintiff of a label or marking concerning
the hazards known to defendant regarding exposure to asbestos
dust.

Response.

    See response to Request for Admission No. 106.

Interrogatory No. 114:

If your Response to Request for Admission No. 114 is anything other than an unqualified admission:  (a) state in detail the basis for your Response to Request for Admission No. 114; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 114; and (c) identify each document upon which you base your Response to Request for Admission No. 114.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 115:

At no time prior to 1972 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 115:

If your Response to Request for Admission No. 115 is anything other than an unqualified admission:  (a) state in detail the basis for your Response to Request for Admission No. 115; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 115; and

(c) identify each document upon which you base your Response
to Request for Admission No. 115.

Response.

    See response to Interrogatory No. 103.

Request for Admission No. 116:

    At no time prior to 1973 did the defendant's Specifica-
tion for Marking for Shipment and Storage (MIL-STD-129) permit
the placement by plaintiff of a label or marking concerning
the hazards known to defendant regarding exposure to asbestos
dust.

Response.

    See response to Request for Admission No. 106.

Interrogatory No. 116:

    If your Response to Request for Admission No. 116 is any-
thing other than an unqualified admission: (a) state in detail
the basis for your Response to Request for Admission No. 116;
(b) identify each person who possesses knowledge upon which you
base your Response to Request for Admission No. 116; and (c)
identify each document upon which you base your Response to
Request for Admission No. 116.

Response.

    See response to Interrogatory No. 103.

Request for Admission No. 117:

At no time prior to 1974 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 118:

If your Response to Request for Admission No. 118 is anything other than an unqualified admission:  (a) state in detail the basis for your Response to Request for Admission No. 118; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 118; and (c) identify each document upon which you base your Response to Request for Admission No. 118.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 120:

At no time prior to 1975 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.



<u>Response.</u>

See response to Request for Admission No. 106.

<u>Interrogatory No. 120:</u>

If your Response to Request for Admission No. 120 is any-
thing other than an unqualified admission:  (a) state in detail
the basis for your Response to Request for Admission No. 120;
(b) identify each person who possesses knowledge upon which you
base your Response to Request for Admission No. 120; and (c)
identify each document upon which you base your Response to
Request for Admission No. 120.

<u>Response.</u>

See response to Interrogatory No. 103.

<u>Request for Admission No. 121:</u>

At no time prior to 1976 did the defendant's Specification
for Marking for Shipment and Storage (MIL-STD-129) permit the
placement by plaintiff of a label or marking concerning the haz-
ards known to defendant regarding exposure to asbestos dust.

<u>Response.</u>

See response to Request for Admission No. 106.

<u>Interrogatory No. 121:</u>

If your Response to Request for Admission No. 121 is any-
thing other than an unqualified admission:  (a) state in detail
the basis for your Response to Request for Admission No. 121;



(b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 121; and (c) identify each document upon which you base your Response to Request for Admission No. 121.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 122:

At no time prior to 1977 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 122:

If your Response to Request for Admission No. 122 is anything other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 122; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 122; and (c) identify each document upon which you base your Response to Request for Admission No. 122.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 123:

At no time prior to 1978 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 123:

If your Response to Request for Admission No. 123 is anything other than an unqualified admission: (a) state in detail the basis for your Response to Request for Admission No. 123; (b) identify each person who possesses knowledge upon which you base your Response to Request for Admission No. 123; and (c) identify each document upon which you base your Response to Request for Admission No. 123.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 124:

At no time prior to 1979 did the defendant's Specification for Marking for Shipment and Storage (MIL-STD-129) permit the placement by plaintiff of a label or marking concerning the hazards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 124:

If your Response to Request for Admission No. 124 is any-
thing other than an unqualified admission: (a) state in detail
the basis for your Response to Request for Admission No. 124;
(b) identify each person who possesses knowledge upon which you
base your Response to Request for Admission No. 124; and (c)
identify each document upon which you base your Response to
Request for Admission No. 124.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 125:

At no time prior to 1980 did the defendant's Specification
for Marking for Shipment and Storage (MIL-STD-129) permit the
placement by plaintiff of a label or marking concerning the haz-
ards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 125:

If your Response to Request for Admission No. 125 is any-
thing other than an unqualified admission: (a) state in detail

the basis for your Response to Request for Admission No. 125;
(b) identify each person who possesses knowledge upon which you
base your Response to Request for Admission No. 125; and (c)
identify each document upon which you base your Response to
Request for Admission No. 125.

Response.

See response to Interrogatory No. 103.

Request for Admission No. 126:

At no time prior to 1981 did the defendant's Specification
for Marking for Shipment and Storage (MIL-STD-129) permit the
placement by plaintiff of a label or marking concerning the haz-
ards known to defendant regarding exposure to asbestos dust.

Response.

See response to Request for Admission No. 106.

Interrogatory No. 126:

If your Response to Request for Admission No. 126 is any-
thing other than an unqualified admission:  (a) state in detail
the basis for your Response to Request for Admission No. 126;
(b) identify each person who possesses knowledge upon which
you base your Response to Request for Admission No. 126; and
(c) identify each document upon which you base your Response
to Request for Admission No. 126.

Response.

See response to Interrogatory No. 103.

## DECLARATION OF EDWIN M. WEISS

The undersigned hereby states that he is an attorney for the Business and Administrative Law Division of the Department of Health and Human Services and is duly authorized to make this declaration on behalf of the Department of Health and Human Services; that he has read the foregoing Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl. Ct.); and that the responses set forth in Requests for Admission and Interrogatories Nos. 4, 5, 6, 13, 14, 15, and Interrogatories Nos. C, D, I, and J are true and correct to the best of his information and belief, insofar as they pertain to the Department of Health and Human Services.

Executed on August _15_ , 1984.

_Edwin M. Weiss_
EDWIN M. WEISS

## DECLARATION OF GARY BOHLKE

The undersigned hereby states that he is the Assistant Solicitor for Environment and Realty at the Department of the Interior and is duly authorized to make this declaration on behalf of the Department of the Interior; that he has read the foregoing Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl. Ct.); and that the responses set forth in Requests for Admission and Interrogatories Nos. 7, 8, 9, and Interrogatories Nos. E and F are true and correct to the best of his information and belief, insofar as they pertain to the Department of the Interior.

Executed on August _13_ , 1984.

_____
GARY BOHKLE

## DECLARATION OF THOMAS GROSSMAN

Re:  Defendant United States of America's Partial
Response to Plaintiff GAF Corporation's First Set of Requests
for Admission and Interrogatories in Civil No. 287-83-C
(Cl. Ct.)

1.  I am the Director of the NAVSEA Asbestos Litigation
Support Office.  My business address is:  NAVALSO, Naval Sea
Systems Command, Department of the Navy, Washington, D.C.
20362.

2.  I HERBY DECLARE, under penalty of perjury, that the
answers to Requests for Admission and Interrogatoreis Nos. 2,
5, 8, 10, 11, 12, 14, 16-21, 23-33, 35-39, 41-51, 53-62,
64-73, 75-80, 82-86, 88-91, 93-97, 99-106, and Interrogatories
Nos. G, H, K, L, M, N, O, P, Q, R, S, T, U, V, W, X, Y, Z,
AA, BB, CC, DD, EE, FF, and GG are true and correct to the best
of my information and belief, based upon information obtained
by my staff under my direction and control from the official
records and files of the Naval Sea Systems Command (NAVSEA);
upon information conveyed to me and my staff by various
codes within NAVSEA and its field activities; and upon infor-
mation and records identified or provided to me and my staff
by other entities within the Navy.

Dated:  8/21/84

*Thomas G[illegible]*

## DECLARATION OF WALTER A. BAKER

The undersigned hereby states that he is an attorney for Adversary Proceedings Division of the Legal Office of the Deparment of the Army, United States Army Missile Command, and is duly authorized to make this declaration on behalf of the Department of the Army, United States Army Missile Command; that he has read the foregoing Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl. Ct.); and that the responses set forth in Requests for Admission and Interrogatories Nos. 90, 91, 93, 94, 95, 96, 97, 99, 100 and Interrogatories Nos. FF and GG are true and correct to the best of his information and belief, insofar as they pertain to the Department of the Army, United States Army Missile Command.

Executed on August _9_ , 1984.


WALTER A. BAKER

## DECLARATION OF DANA N. SMITH

Re:  Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Set of Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl. Ct.)

1.   I am the Assistant Counsel of the Naval Support Systems Command Office.  My business address is:  Department of the Navy, Naval Supply Systems Command, Washington, D.C. 20370.

2.   I HEREBY DECLARE, under penalty of perjury, that the Answers of the United States to Requests for Admission and Interrogatories Nos. 83, 84, 85, 86, 87, 88, 89, 94, 95, 96, 97, 98, 99 are true and correct to the best of my information and belief, based upon information obtained by staff of Navy facilities under my direction and control from the official records and files of those facilities upon information conveyed to me and my staff by various facilities within the Naval Supply Systems Command and its field activities; and upon information and records identified or provided to me and my staff by other entities within the Navy.

Dated:  _8/10/84_

_____
DANA N. SMITH

## DECLARATION OF SCOTT ARNOLD

Re:  Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Set of Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl. Ct.)

1.  I am the Assistant Counsel of the Naval Facilities Engineering Command.  My business address is:  Department of the Navy, Naval Facilities Engineering Command, 200 Stovall Street, Alexandria, VA  22332.

2.  I HEREBY DECLARE, under penalty of perjury, that the Answers of the United States to Requests for Admission 55-65, 70, 77-100 and Interrogatories Nos. 2, DD, EE, FF, and GG are true and correct to the best of my information and belief, based upon information obtained by staff of Navy facilities under my direction and control from the official records and files of those facilities upon information conveyed to me and my staff by various facilities within the Naval Facilities Engineering Command and its field activities; and upon information and records identified or provided to me and my staff by other entities within the Navy.

Dated: _____

_____

SCOTT ARNOLD

I HEREBY DECLARE, under penalty of perjury, based upon my own personal knowledge and/or records under my custody and control, that the answers to the responses to Requests for Admission and Interrogatories Nos. 2, 5, 8, 11, 14, 19, 23, 24, 26, 29, 30, 35, 36, 37, 38, 41, 42, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 69, 70, 71, 72, 75, 76, 79, 82, 83, 85, 88, 89, 90, 91, 93, 94, 95, 96, 97, 98, 99, 100, CC, DD, FF, and GG in GAF Corporation v. United States of America, No. 287-83-C (Cl. Ct.) are true and correct to the best of my knowledge and belief.

_8/30/34_
DATE

_Thomas Kessler_
THOMAS KESSLER
Deputy Director
Commodity Management Division
Office of Procurement
Federal Supply and Services
General Services Administration


I HEREBY DECLARE, under penalty of perjury, based upon my own personal knowledge and/or records under my custody and control, that the answers to the responses to Requests for Admission and Interrogatories Nos. 2, 5, 8, 11, 14, 19, 23, 24, 26, 29, 30, 35, 36, 37, 38, 41, 42, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 69, 70, 71, 72, 75, 76, 79, 82, 83, 85, 88, 89, 90, 91, 93, 94, 95, 96, 97, 98, 99, 100, CC, DD, FF, and GG in GAF Corporation v. United States of America, No. 287-83-C (Cl. Ct.) are true and correct to the best of my knowledge and belief.

_8/30/84_
DATE

_Robert W. Bearden_
ROBERT BEARDEN
Director
Commodity Management Division
Office of Procurement
Federal Supply and Services
General Services Administration

I HEREBY DECLARE, under penalty of perjury, based upon my own personal knowledge and/or records under my custody and control, that the answers to the responses to Requests for Admission and Interrogatories Nos. 2, 5, 8, 11, 14, 19, 23, 24, 26, 29, 30, 35, 36, 37, 38, 41, 42, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 69, 70, 71, 72, 75, 76, 79, 82, 83, 85, 88, 89, 90, 91, 93, 94, 95, 96, 97, 98, 99, 100, CC, DD, FF, and GG in GAF Corporation v. United States of America, No. 287-83-C (Cl. Ct.) are true and correct to the best of my knowledge and belief.

_8/20/84_
DATE

_George McDonald_
GEORGE H. MCDONALD
Deputy Director of Procurement
Office of Procurement
Federal Supply and Services
General Services Administration

## DECLARATION OF M. TIMOTHY CONNER

The undersigned hereby states that he is an attorney for the Department of Commerce and is duly authorized to make this declaration on behalf of the Department of Commerce; that he has read the foregoing Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl. Ct.); and that the responses set forth in Requests for Admission and Interrogatories Nos. 7, 8, 9, 19, 20, 21, 23, 25, 31, 32, 33, 43, 44, 45, 46, 47 and Interrogatories Nos. E, F, T, U, V, W, X, Y, Z, and AA are true and correct to the best of his information and belief, insofar as they pertain to the Department of Commerce.

Executed on August ___7___, 1984.

M. TIMOTHY CONNER

<u>DECLARATION OF JOHN R. QUINTING</u>

Re:  Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Set of Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl.Ct.).

1.  I am the Assistant Regional Administrator for Federal Supply and Services of the General Services Administration Region 8. My business address is :  Building 41, Denver Federal Center, Denver Colorado 80225.

2.  I HEREBY DECLARE, under penalty of perjury, that the answers to Requests for Admission and Interrogatories Nos. 64, 65, 94, 95, 96, 97, 98, 99, 100 and Interrogatory No. 57 are true and correct to the best of my information and belief, based upon information obtained by my staff under my direction and control from the official records and files of the General Services Administration, Region 8.

Dated:  9 Aug 84

JOHN R. QUINTING

## DECLARATION OF JEAN ORENSTEIN

The undersigned hereby states that she is an attorney with the Maritime Administration and is duly authorized to make this declaration on behalf of the Maritime Commission; that she has read the foregoing Defendant United States of America's Partial Response to Plaintiff GAF Corporation's First Requests for Admission and Interrogatories in Civil No. 287-83-C (Cl. Ct.); and that the responses set forth in Requests for Admission and Interrogatories Nos. 16, 17, 18, and Interrogatories Nos. K, L, M, N, O, P, Q, R, and S are true and correct to the best of her information and belief, insofar as they pertain to the Maritime Administration.

Executed on August _10_, 1984.

_____
JEAN ORENSTEIN