MARIAN WESTMILLER, for herself and as Personal Representative for the Estate of Lloyd Westmiller, Deceased, Plaintiff, v. IMO INDUSTRIES, INC., et al., Defendants.

CASE NO. C05-945RSM

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

2005 U.S. Dist. LEXIS 29371

October 20, 2005, Decided
October 20, 2005, Filed

**COUNSEL:** [*1] For Marian Westmiller, for herself and as Personal Representative for the Estate of Lloyd Westmiller, Deceased, Plaintiff: Janet L Rice, Kristin M Houser, SCHROETER GOLDMARK & BENDER, SEATTLE, WA.

For IMO Industries Inc, et al formerly known as Delaval Turbine Inc, formerly known as IMO Delaval Inc, formerly known as, Defendant: James Edward Horne, Robert H Fulton, II, KINGMAN PEABODY PIERSON & FITZHARRIS, SEATTLE, WA.

For Goulds Pumps (IPG) Inc, a Delaware corporation, Defendant: Christine E. Dinsdale, Michael Ryan O'Clair, SOHA & LANG PS, SEATTLE, WA.

For Ingersoll-Rand Company, a Delaware croporation, Defendant: Kevin C Baumgardner, Mark B Tuvim, CORR CRONIN MICHELSON BAUMGARDNER & PREECE, SEATTLE, WA.

For Viad Corporation, formerly known as, The Dial Corporation, individually and as successor-in-interest to Griscom -- Russell Company, a Delaware corporation, Ronald C Gardner, GARDNER BOND TRABOLSI MCDONALD & CLEMENT, SEATTLE, WA.

For Goulds Pumps (IPG) Inc, a Delaware corporation, Counter Claimant: Christine E. Dinsdale, Michael Ryan O'Clair, SOHA & LANG PS, SEATTLE, WA.

For Warren Pumps LLC, a Delaware limited liability company, Counter Claimant: John [*2] Michael Mattingly, STEWART BEALL & MACNICHOLS, KENT, WA.

**JUDGES:** RICARDO S. MARTINEZ, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** RICARDO S. MARTINEZ

**OPINION**

ORDER ON MOTION FOR REMAND

This matter has come before the Court for consideration of plaintiff's motion to remand, together with a motion to strike. Oral argument was held on October 17, 2005, and the parties' arguments, together with the submitted exhibits and declarations, have been fully considered. For the reasons set forth below, the Court grants the motion to remand, grants the motion to strike, and remands the case to King County Superior Court for all further proceedings.

DISCUSSION

1

Plaintiff Marian Westmiller filed this action in King County Superior Court on behalf of herself and as personal representative of the estate of her husband, Lloyd Westmiller, who died of lung cancer related to asbestos exposure. Mr. Westmiller worked as a pipefitter at Puget Sound Naval Shipyard in the 1950's. The case was removed to this Court by one defendant, Viad Corporation ("Viad") [1], under the federal officer removal statute, 28 U.S.C. § 1442(a). The statute provides for removal by "the United States or any agency thereof [*3] or an officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." § 1442(a)(1). This statute, unlike the general removal statute, does not require joinder of all defendants. *Ely Valley Mines v. Hartford Acc. & Indemnity Co.*, 644 F. 2d 1310, 1315 (9th Cir. 1981).

> 1   Viad is the successor-in-interest to Griscom-Russell, who actually manufactured the distillers (desalinization units) used on the Navy vessels; these distillers were insulated with asbestos when installed on the ships.

Plaintiff has moved for remand to state court, and also to strike the affidavit of defendant's expert, Dr. Charles Cushing. The motions shall be addressed separately.

1. Motion to Strike.

Plaintiff in this action is proceeding on a "failure to warn" theory of liability, under Washington State law. In removing the case to this Court, defendant Viad offered the Declaration of Charles Cushing, [*4] a naval architect and marine engineer, as support. After noting that Viad is named as the successor-in-interest to Griscom-Russell Company, now defunct, Dr. Cushing states,

> The United States Navy was intimately involved in the manufacture of any Griscom-Russell equipment used on United States Navy vessels, as the desalination units manufactured for those vessels were designed and built to the precise and exacting specifications of the United States Navy. Griscom-Russell would not have been able to deviate from those specifications. Moreover, pursuant to the Navy's specifications, Griscom-Russell would not have been able to affix, to its products, any type of warning or cautionary statement concerning alleged health hazards from the installation, use or maintenance of the products. Whether certain equipment used aboard U.S. Naval vessels should have warnings, and the content and format of any such warnings, was determined solely by the Navy. Griscom Russell could have had no discretion whatsoever to affix any warnings of its own to the products it delivered to the Navy.

Cushing Declaration, P 4. Plaintiff moved to strike this paragraph, as well as a second P 4 and a [*5] portion of P 5, pursuant to *Federal Rule of Evidence 1002*, the "best evidence" rule. Plaintiff argues that, absent certain conditions set forth in ER 1004 (which have not been alleged here), Dr. Cushing's references to specifications are inadmissible under the best evidence rule and should be stricken. The Court agrees. Although defendant in response attempted to rehabilitate Dr. Cushing's testimony about the specifications by providing selected pages from his deposition, the submitted sections fail to cure the problem. Absent the actual specifications, Dr. Cushing's conclusory statements about what the specifications would have stated amount to mere speculation and are not admissible. Accordingly, plaintiff's motion to strike is GRANTED.

2. Motion for Remand.

Unlike the general removal statute, which requires that the basis of removal appear on the face of the complaint, the federal officer removal statute

2

allows removal on the basis of an asserted defense. Under 28 U.S.C. § 1442(a)(1), removal is proper if the defendant can (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable [*6] federal defense to the plaintiff's claims; and (3) demonstrate a causal nexus between plaintiff's claims and the acts the defendant performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 129-34, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989). The burden is on defendant to establish that removal is proper. *Gaus v. Miles, Inc.*, 980 F. 2d 564, 566-67 (9th Cir. 1992). The removal statute is strictly construed against removal. *Id.*

The parameters of the federal defense in factor (2) were set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988). "Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id. at 512*.

In the area of product liability, government contractor immunity requires a company to show "strong government intervention and the threat that a defendant will be sued in state court based upon actions taken [*7] pursuant to federal direction." *Fung v. Abex Corporation*, 816 F. Supp. 569, 572 (N.D.Cal. 1992). Here, a defense to plaintiff's asserted failure to warn claim requires a showing by defendant that the government specifically prohibited it from placing warnings on its products. The government contractor defense is inapplicable to a failure to warn claim "in the absence of evidence that in making its decision whether to provide a warning . . . [Viad] was acting in compliance with "reasonably precise specifications" imposed on [it] by the United States.'" *Butler v. Ingalls Shipbuilding, Inc.*, 89 F. 3d 582, 586 (9th Cir. 1996); quoting *In re Hawaii Federal Asbestos Cases*, 960 F. 2d 806, 813 (9th Cir. 1992).

Thus, in this circuit, the government contractor defense applies to displace state tort law only "when the Government, making a discretionary, safety-related military procurement decision contrary to the requirements of state law, incorporates this decision into a military contractor's contractual obligations, thereby limiting the contractor's ability to accommodate safety in a different fashion." *In re Hawaii Federal Asbestos Cases*, 960 F. 2d at 813. [*8] In other words, "'stripped to its essentials, the military contractor's defense under *Boyle* is to claim, The Government made me do it.'" *Id.*

In responding to the motion to remand, Viad has submitted the affidavit of Admiral Lehman as a substitute for the challenged Charles Cushing declaration. Admiral Lehman's affidavit is not specific to this case; it was presented to a New York District Court in *Nesbiet v. GE*, 399 F. Supp. 2d 205, 2005 U.S. Dist. LEXIS 4771, 2005 WL 697966 (S.D.N.Y. 2005). Although the New York district court found the affidavit sufficient to establish Navy control over warnings placed on asbestos-insulated steam turbines used on ships during World War II, this Court is not bound to follow that unreported decision. Mr. Westmiller worked in the shipyard during the 1950's, and Admiral Lehman's affidavit does not relate to that time period with sufficient specificity to establish a colorable defense. He states that he was Ship Superintendent in the Brooklyn Navy Yard between 1942 and 1944, and that during his tenure there, he was involved in the oversight of ship alterations. He describes the very tight controls the Navy maintained over everything *at that time*. Then, [*9] he states that "in the 1940's and afterward, the Navy had complete control over every aspect of each piece of equipment. . . . The Navy controlled the decision making with respect to instructions and warnings on every piece of equipment . . . In short, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships and did not permit deviation from any of its contractors." Lehman Affidavit, P 4. This statement, in the absence of any specific reference to the Admiral's experience or knowledge during the 1950's, is too vague to

constitute a showing of "reasonably precise specifications" that were imposed during the relevant time period. *Butler v. Ingalls Shipbuilding, Inc.*, 89 F. 3d at 586. In the absence of this demonstration that, in the words of the *Hawaii Federal Asbestos Cases* court, that "the Government made me do it," Viad has not met the burden of showing a colorable defense.

While Viad admits that it has no specific evidence of Navy control in the form of the actual military specifications, it nevertheless argues that at this stage of litigation, before discovery, it should [*10] not be forced to come forward with such evidence. While it is true that *Mesa* requires only a "colorable" federal defense, Viad has not produced any evidence that would meet even that minimum standard. To the extent that, as to the affidavit of Admiral Lehman, the New York district court in *Nesbiet* found otherwise, this Court respectfully disagrees.[2]

> 2  Were this Court to look to unreported cases for guidance, it would look to the decisions of district courts in this circuit, including this Court. *See, Schilz v. A.P. Green Indus.*, 2002 U.S. Dist. LEXIS 1176, 2002 WL 102608 (N.D. Cal. 2002) (no colorable federal defense); *Westbrook v. Asbestos Defendants (BHC)*, 2001 U.S. Dist. LEXIS 11575, 2001 WL 902642 (N.D. Cal. 2001) (no colorable federal defense); *Nguyen v. Allied Signal*, 1998 U.S. Dist. LEXIS 15517, 1998 WL 690854 (N.D. Cal. 1998) (no colorable federal defense); *Ireton v. Kaiser Ventures, LLC*, C03-2840RBL (finding a colorable defense but no causal nexus); *Zink v. Rapid-American Corporation, et al.*, C99-964RSL (failure to establish a colorable defense), and others cited by plaintiff (Declaration of Melissa Mather, Exhibits J, M, N, O.)

[*11] As Viad has failed to submit evidence that it was subject to reasonably precise specifications with respect to warnings during the relevant time period, it has not established a colorable federal defense. Viad has therefore failed to meet the burden of establishing that removal was proper. Accordingly, plaintiff's motion for remand is GRANTED.

This case is hereby REMANDED to the King County Superior Court, Cause No. 05-2-13717-7 SEA. The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

DATED this 20th day of October, 2005.

RICARDO S. MARTINEZ

UNITED STATES DISTRICT JUDGE