Case 1:14-cv-04511-VEC   Document 37-25   Filed 07/09/14   Page 1 of 4

Page 1
661 F. Supp. 2d 451, *; 2009 U.S. Dist. LEXIS 93804, **



**IN RE: ASBESTOS LITIGATION: FREDERICK SEITZ and MARY LOUISE SEITZ, his wife Plaintiff, v. ADEL WIGGINS GROUP, et al., Defendants.**

**Civ. No. 08-351-SLR, Civ. No. 08-353-SLR**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**661 F. Supp. 2d 451; 2009 U.S. Dist. LEXIS 93804**

**September 30, 2009, Decided**

**COUNSEL:** [**1] Allen Dale Bowers, II, Esquire of the Law Offices of Joseph Rhoades, Esquire, Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: Jerome H. Block, Esquire, Sharon J. Zinns, Esquire and Amber R. Long, Esquire of Levy Phillips & Konigsberg, LLP, New York, New York.

Penelope O'Connell, Esquire of Elzufon Austin Reardon Tarlov & Mondell, P.A., Wilmington, Delaware and Nancy Shane Rappaport, Esquire of DLA Piper US LLP, Philadelphia, Pennsylvania. Counsel for Defendant Northrop Grumman Corporation.

Robert K. Beste, III, Esquire of Smith, Katzenstein & Furlow, LLP, Wilmington, Delaware. Counsel for Defendant Bell Helicopter Textron Inc. Of Counsel: M. Douglas Eisler, Esquire of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Philadelphia, Pennsylvania.

**JUDGES:** Sue L. Robinson, United States District Judge.

**OPINION BY:** Sue L. Robinson

**OPINION**

[*452] **MEMORANDUM OPINION**

Dated: September 30, 2009

Wilmington, Delaware

**Sue L. Robinson, District Judge**

**I. INTRODUCTION**

Plaintiffs Frederick and Mary Louise Seitz filed this asbestos action in the Superior Court of the State of Delaware for New Castle County on April 25, 2008. [1] Defendants Bell Helicopter Textron, Inc. ("Bell") and Northrop Grumman ("Northrop Grumman") filed notices of [**2] removal, on the basis of the federal officer removal [*453] statute, 28 U.S.C. § 1442(a)(1). Before the court are plaintiffs' motions to remand the actions to State court pursuant to § 1447(c), and defendants' opposition to the motions. [2] (Civ. No. 08-351-SLR, D.I. 16, 20, 25; Civ. No. 08-353-SLR, D.I. 17, 19, 22) For the reasons that follow, the motions to remand will be granted.

1   Considering that almost identical filings have been made in both cases, *Seitz v. Adel Wiggins Group,* Civ. No. 08-351-SLR and *Seitz v. Adel Wiggins Group,* Civ. No. 08-353-SLR, for simplicity, all references to the court's docket shall be to Civ. No. 08-351-

Case 1:14-cv-04511-VEC   Document 37-25   Filed 07/09/14   Page 2 of 4

Page 2
661 F. Supp. 2d 451, *; 2009 U.S. Dist. LEXIS 93804, **

SLR, unless otherwise specified.

2   Defendant Northrop Grumman Corporation's motion to stay the proceedings is denied as moot. (Civ. No. 08-353-SLR, D.I. 3)

## II. BACKGROUND

Plaintiff Frederick Seitz ("Seitz") was allegedly exposed to asbestos while serving as a mechanic and pilot in the United States Marine Corp from 1946 through 1967, and was allegedly exposed to asbestos during that time. [3] Northrop Grumman and Bell manufactured and supplied aircraft that Seitz maintained and piloted during his service in the Marines. Plaintiffs allege that Northrop Grumman's and Bell's [**3] aircraft had asbestos-containing components and utilized asbestos insulation. Plaintiffs contend that defendants failed to warn Seitz and his fellow servicemen about the hazards of asbestos. [4]

> 3   According to his physician, in March 2008, Seitz was diagnosed with malignant mesothelioma. (D.I. 16 at ex. B)
> 4   Plaintiffs filed a withdrawal of claims on July 2, 2008, limiting the scope of its case to a state law failure to warn claim. (D.I. 8)

## III. STANDARD OF REVIEW

The federal officer removal statute provides, in pertinent part:

> (a) **A civil action** . . . commenced in State court against any of the following **may be removed by** them to district court of the United States for the district and division embracing the place where it is pending.
>
> > (1) The United States or an agency thereof of **any officer (or any person acting under that officer) of the United States** or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . .

*§ 1442(a)(1)* (emphasis added). The party removing an action to federal court bears the burden of proving that removal is appropriate. See *Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)*. The Third Circuit has held that [**4] the provisions of the federal officer removal statute, *§ 1442(a)(1)*, are to be "broadly construed." *Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1262 (3d Cir. 1994)*; see also, *Megill v. Worthington Pump, Inc., Civ. No. 98-076-SLR, 1999 U.S. Dist. LEXIS 4433, 1999 WL 191565, at *2 (D. Del. Mar. 26, 1999)*. Indeed, the Supreme Court has held that "the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy favoring removal 'should not be frustrated by a narrow, grudging interpretation of *§ 1442(a)(1)*.'" *Ariz. v. Manypenny, 451 U.S. 232, 242, 101 S. Ct. 1657, 68 L. Ed. 2d 58 (1981)* (citation omitted).

To establish removal jurisdiction under *§ 1442(a)(1)*, a defendant must establish the following:

> (1) it is a "person" within the meaning of the statute;
>
> (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office;
>
> (3) it raises a colorable federal defense; and
>
> (4) there is a causal nexus between the claims and the conduct performed under color of a federal office.

[*454] *Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998)* (citing *Mesa v. California, 489 U.S. 121, 129, 109 S. Ct. 959, 103 L. Ed. 2d 99 (1989))*; *Megill v. Worthington Pump, Inc., 1999 U.S. Dist. LEXIS 4433, 1999 WL 191565 (D. Del. 1999)*. [**5] There is no dispute that defendants, as corporations, are "persons" within the

Case 1:14-cv-04511-VEC   Document 37-25   Filed 07/09/14   Page 3 of 4

Page 3
661 F. Supp. 2d 451, *; 2009 U.S. Dist. LEXIS 93804, **

meaning of the statute. *See Good v. Armstrong World Indus., Inc.,* 914 F. Supp. 1125, 1128 (E.D. Pa. Jan. 18, 1996).

With respect to the second element, defendants must demonstrate that a "federal office" [5] was the source of the specific act for which the contractor now faces suit. *See Holdren v. Buffalo Pumps, Inc.,* 614 F. Supp. 2d 129, 138 (D. Mass. May 4, 2009). The second factor has been described as requiring "a showing that the acts forming the basis of the state suit were performed pursuant to an officer's direct orders or comprehensive and detailed regulations." *Good,* 914 F. Supp. at 1128. In the cases at bar, the gravamen of the complaints is defendants' alleged failure to warn of the dangers of asbestos.

> 5   As seen above, the Third Circuit in *Feidt* used the phrase "federal office" (consistent with the Supreme Court's decision in *Arizona v. Manypenny,* 451 U.S. at 242), not the phrase "federal officer." As a result, the distinction made by some courts between direction by the Navy and direction by a specific federal officer is not compelling. *See, e.g., Good v. Armstrong World Indus.,* 914 F. Supp. at 1129 [**6].

To establish that it was acting under the direction of a federal office, Northrop Grumman and Bell have each submitted declarations of corporate representatives. (Civ. No. 08-353-SLR, D.I. 19 at ex. F, O; Civ. No. 08-351-SLR, D.I. 20 at exs. H, I) Considering the affidavits, and supporting documentation, in light of the Third Circuit's mandate to broadly construe the federal office removal statute, the court concludes that defendants manufactured products or parts under the authority of the office of the U.S. Navy and its officers. The affidavits, however, fail to establish a causal connection between the conduct being supervised by the federal office and plaintiffs' failure to warn claims.

The third factor requires a moving defendant to demonstrate that there is a colorable federal defense to a plaintiff's claims. *Megill,* 1999 U.S. Dist. LEXIS 4433, 1999 WL 191565, at *3. Defendants have asserted the federal common law government contract defense. According to the Supreme Court, a federal contractor will not be liable for design defects in military equipment under state tort laws when:

> (1) the United States approved reasonably precise specifications;
>
> (2) the equipment conformed to those specifications; and
>
> (3) [**7] the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. [6]

*Boyle,* 487 U.S. at 512-13. The *Boyle* analysis has been applied in failure to warn cases. "Indeed, the determination of whether defendant has demonstrated a colorable defense under *Boyle* collapses into the analysis required for determining whether defendant has shown a causal connection between plaintiff's claims and the conduct performed under color of [*455] federal office." *Megill,* 1999 U.S. Dist. LEXIS 4433, 1999 WL 191565, at *4.

> 6   "The first two of these conditions assure that . . . the design feature in question was considered by a Government officer, and not merely by the contractor itself. The third condition is necessary because, in its absence, the displacement of state tort law would create some incentive for the manufacturer to withhold knowledge of risks, since conveying that knowledge might disrupt the contract but withholding it would produce no liability." *Boyle v. United Technologies Corp.,* 487 U.S. 500, 512-13, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988).

The Supreme Court in *Boyle* held that the government contractor defense pre-empts state tort law when "the state-imposed duty of care that is [**8] the asserted basis of the contractor's liability . . . is precisely contrary to the duty imposed by the government contract . . . ." *Boyle,* 487 U.S. at 509. In order to establish that *Boyle* displaces any state law duty to warn, defendant

must show that the applicable

Case 1:14-cv-04511-VEC Document 37-25 Filed 07/09/14 Page 4 of 4

Page 4
661 F. Supp. 2d 451, *; 2009 U.S. Dist. LEXIS 93804, **

federal contract includes warning requirements that significantly conflict with those that might be imposed by state law. Moreover, it seems clear to use that Boyle's requirement of government approval of "reasonably precise specifications" mandates that the federal duties be imposed upon the contractor. The contractor must show that whatever warnings accompanied a product resulted from a determination of a government official, . . . and thus that the government itself "dictated" the content of the warnings meant to accompany the product.

*In Re Joint E. & S. Dist. New York Asbestos Lit.*, 897 F.2d 626, 630 (2d Cir. 1990). "A crucial element of both the *Boyle* decision and the removal requirements is missing if the contractor fails to establish a causal connection between the conduct being supervised by the [federal office] and the conduct deemed offensive in the plaintiff's complaint." *Megill, 1999 U.S. Dist. LEXIS 4433, 1999 WL 191565, at *4.*

Plaintiffs [**9] at bar assert a failure to warn claim. [7] The court finds there is no evidence of record that the U.S. Navy prohibited Northrop Grumman or Bell from, or otherwise directed defendants related to, issuing warnings. The affidavits fail to specifically address the issue of warnings. [8] Accordingly, there is no causal connection between plaintiffs' claims and the conduct performed under color of a federal office; thus, there is no colorable federal defense.

   7   Plaintiffs submit the affidavit of an asbestos expert, Barry L. Castleman, wherein he avers, in part, that his research has revealed "no evidence that the United States military required the removal or alteration of such warnings on products sold to the military." (D.I. 16, ex. 10 at P 8) Plaintiffs argue that their moving papers detail the military specifications that allowed and required Northrop Grumman and Bell to include a warning about asbestos on their products.

   8   *Compare, e.g.,* the affidavits submitted by General Electric Company in *Kirks v. General Electric Company, Civ. No. 08-856-SLR, 654 F. Supp. 2d 220, 2009 U.S. Dist. LEXIS 85193 (D. Del. Sept. 17, 2009)* and *Wiersma v. General Electric Company, Civ. No. 08-857, 654 F. Supp. 2d 220, 2009 U.S. Dist. LEXIS 85193 (D. Del. Sept. 17, 2009)*.

## IV. CONCLUSION

For the reasons stated, [**10] the court grants plaintiffs' motions to remand the cases to State court. An appropriate order shall issue.

## ORDER

At Wilmington this 30th day of September, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Plaintiffs' motions to remand are granted. (Civ. No. 08-351-SLR, D.I. 16; Civ. No. 08-353-SLR, D.I. 17)

2. Defendant's motion to stay is denied as moot. (Civ. No. 08-353-SLR, D.I. 3)

3. The cases shall be remanded to the Superior Court of the State of Delaware.

/s/ Sue L. Robinson

United States District Judge